# Commissioners *against* Hall.

The county is liable for the expense of boarding and lodging a jury empanelled and kept together in a capital case by order of the court.

ERROR to the common pleas of *Lycoming* county.

Joseph Hall against the Commissioners of Lycoming county. Action on the case in *assumpsit.*

After the jury were empanelled in the case of the Commonwealth against Earls on an indictment for murder, the court ordered that they be kept together and provided with boarding and lodging at the public house of Joseph Hall, the plaintiff. The jury and constables who attended them were so kept. The commissioners of the county refused to pay the expense, and this action was brought to recover it.

The court below (Lewis, President) instructed the jury that the plaintiff was entitled to recover in this action a reasonable compensation for keeping the jury under the order of the court. Verdict for plaintiff for 244 dollars 80 cents.

*Parsons* and *Armstrong*, for plaintiff in error, cited, *Str. Purd.* 177, 421; 4 *Serg. & Rawle* 448; 1 *Serg. & Rawle* 507; 3 *Yeates* 1.

*Patterson*, for defendant in error, cited, 4 *Rawle* 9; 2 *Serg. & Rawle* 195; 16 *Serg. & Rawle* 286.

The opinion of the Court was delivered by

GIBSON, C. J.—It is essential to the purity of trials for capital offences, that the jury be set apart and subjected to the court's control in respect of intercourse and subsistence; and the appointment of it by the law seems to indicate the hand that is to pay for it. The expense consequent on it must be paid by some one; and by whom, if not by the county? Certainly not by the jury out of their pay; for the same expense was incurred when jurors were allowed no pay; and if not bound to defray it then, they are not bound to defray it now. Compelled to live at the discretion of the court, it would be unjust to charge them as the involuntary recipients of what they do not order; nor would they be liable for it, furnished, as it always is, at the special instance and request of the officers of the law. It was not to meet contingencies, but ordinary expenses incurred on individual credit, that daily compensation was provided. As reimbursement, it would be altogether inadequate in this, or perhaps any other instance; and to burthen jurors with a charge so heavy, would not

[Commissioners v. Hall.]

only oppress them, but too powerfully instigate them to withhold their attendance at the peril of a fine. The office of a juror in a capital case, is at best an onerous one; and it is certainly impolitic to make it insupportable. It is the undoubted duty of the court to prescribe the manner of his treatment and keeping; and it must sometimes occasion unusual expense. There are usually jury rooms in the county court houses; and when at all adequate, they ought to be preferred to a tavern on the score of privacy and cheapness; but they may be inadequate, by their condition or construction, to afford the accommodation necessary to a proper performance of his duty, or the comfort due to him as a citizen attending to public business. When a deficiency of public accommodation induces an expenditure, it must be at the public charge, for it is as much a part of the contingent expenses of the court, as is the price of the fire wood and candles consumed in the court room. A physician would scarce be thought to render, on the credit of the patient, professional services ordered by the court for a juror suddenly ill, when the object is not his private benefit, but to serve the ends of public justice by repairing a disordered part of the juridical machinery. Was not the accommodation furnished by the plaintiff equally to serve the ends of public justice? It is undoubtedly true that the court has not power to contract for the commissioners; nor is that pretended: the law which gives the power to order, implies the promise to pay, and it will certainly not be asserted that county commissioners are bound by nothing less than an express contract. Though not the power to direct, it is said they ought to be consulted. But what, if being consulted, they disapprove? It must be presumed, it is said, that they will do their duty; and if they do not, indict them. Indict them! And what is to become of the jury in the mean time? In every aspect, we perceive emergencies which require the prompt and efficient action of the court, the safeguard of the public purse being found in the responsibility of the judges for its propriety in the particular instance, and the control of a jury over the price. If the court may act at discretion despite the commissioners' actual dissent, it follows that to consult them is but an act of courtesy which may be dispensed with without impairing the right founded on a judicial order. As to the principle of Irvin *v.* The Commissioners, 1 *Serg. & Rawle* 505, that an officer shall not charge for services not expressly allowed by the fee bill, it is enough to say that the plaintiff is no more an officer than the tallow chandler or wood sawyer of the crier; and that the regulations of the fee bill are not more applicable to his charges than to theirs. When that case was decided it was even doubted whether a county could be sued by its commissioners as a *quasi* corporation; a difficulty that was removed even before the act of 1834. Submitting to the jury the question of amount, the court properly directed that the plaintiff was entitled to recover.

Judgment affirmed.