## McCalmont *versus* The County of Allegheny.

29　　417
29 SC ¹587

29　　417
35 SC ²583

The county of Allegheny is liable for the expenses of providing an apartment in which to keep and preserve the records and seal of the Western District of the Supreme Court, and for the incidental expenses of such court, although no Act of Assembly has expressly provided that such expenses shall be paid by that county.

The usage that has prevailed, for any county in which the Supreme Court holds its sessions, to defray such expenses, is sufficient to impose the liability without an express statutory enactment.

The clerk of the court having paid such expenses, may maintain an action to recover the amount of them from the county.

ERROR to the District Court of *Allegheny county.*

This action was brought by Alfred B. McCalmont against the County of Allegheny, upon the following case stated.

" It is hereby agreed that an amicable action shall be entered in the District Court of Allegheny County, at No. 858, November Term, 1857, between Alfred B. McCalmont, plaintiff, and the County of Allegheny, defendant, upon the following case stated, which is to be considered as a special verdict:

" That the plaintiff was appointed prothonotary of the Supreme Court of Pennsylvania, for the Western District, in March, 1855, and entered upon the duties of his office on the 9th day of April, 1855, and that he has ever since continued to exercise the same.

" That immediately after his said appointment, and from time to time since, the said plaintiff has requested the commissioners of Allegheny county to procure, provide, and furnish the articles enumerated in the foregoing bill, for the use of the Supreme Court of Pennsylvania, while sitting at Pittsburgh, in the county of Allegheny, in and for the Western District; that the said commissioners have uniformly refused either to furnish said articles, or to permit the plaintiff to procure them at the expense of the county of Allegheny.

" That the articles enumerated in the said bill were necessary for the use of the said court, while sitting in and for the Western District, and for the use of the office of the prothonotary of the said Western District; but that the said Western District embraces many other counties beside the county of Allegheny.

" That the commissioners of Allegheny county have hitherto refused to furnish the prothonotary of the Supreme Court of Pennsylvania,. a suitable, or any room, either in the Court House or elsewhere, in which to preserve and keep the records and seal of the said court, for the Western District; that the plaintiff has kept the said records and seal in a room provided by himself, and that the amount of rent mentioned in item No. 12, is fair and reasonable.

" That the amounts charged as paid for the other items of said

[*McCalmont v.* The County of Allegheny.]

bill, are also fair and reasonable; and that the said bill is correct, and to be taken as a part of this case stated, saving the question of the liability of the defendant to pay the whole or any part thereof.

" If, upon the above facts, the defendant is liable for the whole of the said items, then judgment to be entered in favor of the plaintiff, and against the defendant, for the sum of $340.12½, with costs.

" If, upon the said facts, the defendant is liable for any part of said bill, and not liable for other parts, then judgment to be entered in favor of the plaintiff for such amount as may be the aggregate of the items for which the defendant is considered liable, with costs.

" If it is considered that the defendant is not liable for any part of said bill, then judgment to be entered for the defendant for costs.    Either party to be able to sue out a writ of error."

Upon this case stated, the court entered judgment in favor of the defendant for costs.

Assignment of errors.—1. The Court erred in entering judgment for the defendant on the case stated.

2. The Court erred in not entering judgment in favor of the plaintiff for the sum of $340.12½.

*Hopkins* and *McCandless*, for plaintiff in error.

*Large*, for defendant in error.

The opinion of the court was delivered by

KNOX, J.—The plaintiff is the prothonotary of the Supreme Court for the Western District, and this action is brought by him against the county of Allegheny to recover money expended by him in paying the necessary expenses of the court.   The whole amount of the expenditures for the years 1855, 1856, and 1857, is $340.12½, including $193.75 for the rent of a room for the use of the prothonotary of the court from April, 1855, to November, 1857, and ten dollars for a new seal.   The remainder is for dockets for the court, stationery for the use of the judges whilst holding court in the Western District, for advertising the return days and printing argument lists.   The amount charged and expended is conceded to be correct, and the only question raised upon the case stated is whether the county is liable for the expenditure.   It is also conceded the commissioners of Allegheny county have hitherto refused to furnish the prothonotary a room in the court house or elsewhere, in which to preserve and keep the records and seal of the court, and that the plaintiff has provided a room for that purpose, and that the amount of rent charged is fair and reason-

[McCalmont v. The County of Allegheny.]

able.   The first question that the case suggests is this.   Were the
expenditures or any of them such as the prothonotary was himself
bound to make at his own expense ?   This question we unhesitat-
ingly answer in the negative.   By the 9th section of the Act of
14th April, 1834, " the prothonotary of the Supreme Court is
directed to keep the seal and records of the court for his district
at the place of holding the court, and in the apartments provided
by authority of law for that purpose."   This provision excludes
the idea that he is bound to provide a place for the safe keeping
of the seal and records at his own expense; and he is no more
bound to furnish the seal and dockets for the courts, than he is to
pay the expenses of fire and light for the court house.   Nor is the
necessary printing in advertising orders of the court or in prepar-
ing trial lists a personal charge upon the prothonotary.   He is
allowed, it is true, the sum of $12\frac{1}{2}$ cents for stationery in each
case by the fee bill, but this does not include the stationery used
by the judges whilst holding court or in preparing opinions.   It is
limited to the stationery used by the clerks and counsel.   When
a prothonotary is compelled to expend his own money in procur-
ing articles for public use on account of the refusal of the public
authorities to procure them for him, he has the right to claim
reimbursement from some quarter, and the universal custom of the
state has been that the county in which the court is held should
pay these necessary expenses.   The city and county of Phila-
delphia pays the expenses for the Eastern District, the county
of Dauphin for the Middle District, and there is no good reason
why the county of Allegheny should not pay those incurred in
the Western District.

There is no statutory provision directing how these expenses
shall be paid; and it is not necessary that there should be, for the
usage is sufficient to make the law.   If the sessions of the Supreme
Court were held at one place, it would be right and proper that
the expenses should be paid out of the state treasury; but divided
as the state now is into eastern, western, middle, and northern
districts, the only practicable method is the one in practice, to
charge the expenses to the county where the court is held, for the
entire district.   If the county of Allegheny considers this a
burden, the legislature would probably, upon application, remove
the burden by removing the court.   It would be exceedingly dif-
ficult to apportion the expenses amongst the various counties
comprising the Western District; and it would be unjust to Phila-
delphia and Dauphin to compel contributions from the state at
large, for these counties already pay for the Eastern and Middle
Districts.   It has heretofore been thought that the advantage to
a county where the court was held, was a full equivalent for the
charge upon its treasury in paying the incidental expenses of the
court.   We have endeavoured to make these expenses as light as

[McCalmont *v.* The County of Allegheny.]

possible; and how far our endeavours in this respect have been successful, may in part be determined by the amount of the claim in question. When the rent of the room and the cost of the seal is deducted, the amount expended during nearly three years, for dockets, for stationery, and for printing, is $136.37. When it is remembered that during this time we have held nearly twenty weeks court in Pittsburgh, and disposed of between four and five hundred causes, it cannot be said that there has been an extravagant use of public money by this tribunal. That a county may be liable for expenses incurred in judicial proceedings without a positive statutory enactment, was decided in Commissioners *v.* Hall, 7 *Watts* 290, where it was held that the county of Lycoming was chargeable with the expense of boarding and lodging a jury, impannelled and kept together in a capital case, by order of court; and the same principle was followed in Venango County *v.* Dunbar, decided at Pittsburgh, in the fall of 1856. In that case, which was an action by a printer for the publication of the trial list, under an order of the Court of Common Pleas of Venango county, the late chief justice said, with the entire approbation of the whole court, that "where no other provision is made for the payment of the expenses of the judiciary, the county in which the court sits is primarily liable."

From reason, from usage, and from authority, we are clear that the county of Allegheny is legally bound to pay the demand for which this suit is brought.

> The judgment of the District Court of Allegheny county is reversed; and judgment is here entered in favour of the plaintiff and against the defendant upon the case stated, for the sum of $340.12 and costs of suit.