Pipa, Appellant, *v.* Kemberling et al.

Argued May 27, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Edward Friedman,* Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, for intervening appellant.

*E. C. Marianelli,* with him *Horace W. Vought* and *E. C. Higbee,* for appellees.

Opinion by Mr. Justice Stern, June 25, 1937:

In accordance with the provisions of section 907 of the Administrative Code of 1929, P. L. 177, the President Judge of Snyder County requested the Attorney General of Pennsylvania to retain and employ an attorney to represent the Commonwealth in the prosecution of certain persons charged with being accessories before the fact to a murder committed in that county. The Attorney General complied by designating plaintiff for that purpose; in the order making the appointment he stated that "Mr. Pipa will receive such compensation from the County of Snyder as shall hereafter be fixed by me and also his actual expenses incurred by him in performing his duties under this appointment." Plaintiff conducted the prosecution for which he was appointed, and the Attorney General fixed his compensation at $1,360.50, of which $160.50 included a charge for stenographic work and for the services of a special investigator. Plaintiff presented his bill to the Commissioners of Snyder County, defendants, who refused payment on the ground that the County was not liable. The present action was begun by a writ of alternative mandamus. Defendants filed an answer, to which plaintiff demurred, and the court below quashed the writ. The Superior Court, on appeal, affirmed this order. The Attorney General then petitioned the Superior Court to be allowed to intervene and for a reargument. This petition was granted and the case was reargued; the order of the court below was again affirmed. This court thereupon allowed the present appeal.

After full consideration of the legal issues involved, we are of opinion that the case was properly decided.

There is justification for plaintiff's contention that normally the expenses of the prosecution of criminal cases should be borne by the county and not by the state. In *Commonwealth v. Trunk*, 320 Pa. 270, 273, 274, in discussing the liability of the county for the costs of printing the record on an appeal successfully taken by

a defendant in a criminal trial, Mr. Justice SCHAFFER said: "We cannot believe that when the legislature provided that costs should be paid by the losing party they meant thereby to make them payable out of the state treasury. Such construction would be highly unreasonable in view of the long-established practice, uniform over many decades, of fixing costs in criminal cases upon the counties. . . . The county has always been viewed as the proper unit of government to prosecute and enforce the general criminal law, and hence, as the adversary of the accused, is the losing party when the defendant in a criminal case receives the decision in his favor." In *Commonwealth v. Darmska,* 35 Pa. Superior Ct. 580, it was said, p. 583: "Light is thrown on the value of the title [of the act there under discussion] when we take into consideration the fact that the cost of the administration of criminal justice is, generally speaking, cast upon the county. Such has been the state of the law since the organization of the Commonwealth. . . . All of the expenses incidental to the trial of causes are borne by the county except that portion particularly known as costs. The county is responsible for the maintenance of the facilities for the administration of justice." In *Commonwealth v. Irvin,* 110 Pa. Superior Ct. 387, 395, it was said: "Counties have the primary responsibility for the cost of all criminal proceedings, unless expressly relieved therefrom."

It may also be conceded that there is authority for the proposition urged .by plaintiff that the obligation of the county need not rest upon positive statutory enactment, but may be implied as a corollary to the authority given the county to obtain the services of a special prosecutor. See, for example, *Commissioners v. Hall,* 7 Watts 290; *McCalmont v. County of Allegheny,* 29 Pa. 417; *Commonwealth v. Darmska,* supra, p. 583.

The controlling feature of the present case, however, is the existence of an express provision in the Act of May 2, 1905, P. L. 351, placing upon the Commonwealth

the obligation to pay the compensation and expenses of the Attorney General's appointee. That act authorizes the Attorney General, when requested by the President Judge of the district having jurisdiction, to retain and employ such attorneys as he may deem necessary properly to represent the Commonwealth in any criminal proceedings before any court of oyer and terminer, general jail delivery or quarter sessions, and to investigate charges and prosecute offenders against the law. Such an attorney, when appointed, is to supersede the district attorney of the county in which the case or cases may arise. Section 3 provides: "The compensation for services rendered, and necessary expenses incurred, by the attorney or attorneys, so retained and employed, shall be fixed by the Attorney General, *and paid by warrant drawn by the Auditor General upon the State Treasurer.*"

Plaintiff seeks to meet this situation by contending that this clause, providing for payment by the state, was impliedly repealed by the Administrative Codes of 1923, P. L. 498, and 1929, P. L. 177. Section 906 of the Administrative Code of 1923 provided for the appointment by the Attorney General of special deputy attorneys general regularly to represent and advise the various state departments, boards and commissions, of special deputy attorneys general to represent the Commonwealth or any of its departments, boards or commissions in special work or in particular cases, and of deputy attorneys general to represent the Commonwealth and its departments, boards and commissions in legal matters arising in cities or counties other than the state capital; the compensation of all such appointees to be fixed by the Attorney General. Section 907, which is entitled "Special Attorneys in Criminal Cases," covered, in almost identical phraseology, the provisions of the Act of 1905, except that it omitted the words of section 3: "and paid by warrant drawn by the Auditor General upon the State Treasurer." The Act of April

13, 1927, P. L. 207, section 44, amended section 906 of the Administrative Code of 1923 by conferring authority upon the Attorney General to appoint and fix the compensation of "special attorneys" to represent the Commonwealth or any of its departments, boards or commissions in special work or in particular cases. The Administrative Code of 1929, which expressly repealed, inter alia, all these provisions of the Act of 1923 and of the amendatory Act of 1927, reënacted them in sections 906 and 907, again omitting the clause providing for the payment by the State Treasurer of the "special attorneys in criminal cases." The question for present determination is whether these omissions in the two successive Administration Codes acted as a repeal of that clause, with—as plaintiff argues—a resulting implied imposition of liability upon the county, upon which, as far as legislation is concerned, it had never rested.

Repeal is a question wholly of legislative intent. Where intent is not expressed, but must be sought in inferences, certain rules have been established as aids in its discovery, although it is open to doubt whether they are of much practical value when the attempt is made to apply them in particular instances. Thus, where the law on a particular subject is revised, parts of an original act omitted from the revision are generally held to be repealed, provided it clearly appears to have been the legislative intention to cover the entire subject, whereas an act or section relating to a particular matter is not repealed by its omission from a revising act if the latter is not apparently designed to legislate upon that subject and to supply it. "A subsequent statute, revising the whole subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, on the principles of law, as well as in reason and common sense, operate to repeal the former": *Johnston's Estate,* 33 Pa. 511, 515. Examples of the application of this

principle, where a general act was held impliedly to repeal a provision of a prior statute omitted from the later revision, are *Werner v. King*, 310 Pa. 120,* and *Reeves's Appeal*, 33 Pa. Superior Ct. 196. On the other hand, where the prior provision is not germane to the subject of the later statute, and not particularly appropriate for insertion in it, a different rule prevails, it being then considered that the omission is for that reason and not for the purpose of accomplishing a repeal. This is especially true where, as in the present case, the revising statute repeals the "acts or parts of acts *inconsistent*" with the later act. Thus in *Commonwealth v. Curry*, 285 Pa. 289, 295, it was said: "Where the revised statute itself declares what effect it is to have on earlier acts, no other interpretation should be given to it. . . . That is to say, where the statute . . . contains a clause providing that 'All acts or parts of acts inconsistent herewith are hereby repealed,' *it repeals only those acts or parts of acts which are in fact inconsistent with it.*" See also *Shibe's Case (Hadley's Appeal)*, 117 Pa. Superior Ct. 7.

There is such an obvious and reasonable explanation for the omission from the Administrative Code of the clause in the Act of 1905 directing payment of special prosecuting attorneys to be made out of the state treasury, that the failure to include it loses significance as any indication of legislative intent to repeal that provision. The Administrative Code relates solely to the executive and administrative offices, departments, boards and commissions of the Commonwealth. Since its scope embraces only officials and employes paid by the State, there was no necessity for a special provision in any individual instance for payment by the State Treasurer. Apparently there was no more reason so to provide in

---

* Section 1805(a) of the later act [The Fiscal Code of 1929, P. L. 343] repealed "all acts and parts of acts *supplied* by this act," and the Court held that the Code "supplied" the provisions of the former act.

the case of the "special attorneys in criminal cases" under section 907 than in that of the special deputy attorneys general and "special attorneys" under section 906. The draftsman of the Administrative Code knew that the source of payment of the special prosecuting attorneys was covered by section 3 of the Act of 1905, and that there was therefore no need to impair the general harmony of the Administrative Code by inserting in it, with reference to such attorneys, an exceptional provision which, in the case of all other officers and employes referred to in the Code, was left to natural implication. The legislature was not unmindful of the existence of the Act of 1905, but, on the contrary, actually copied nearly all of its provisions into the Administrative Code. Had the legislature intended to repeal the payment provision of that Act, it would unquestionably have included it in the long list of statutes, one hundred and fifty-one in number, expressly repealed in the Administrative Code of 1923, and seven additional in the Administrative Code of 1929, and not have left the legislative purpose to be accomplished by the dubious legal effect of a mere omission from the later act.

In the learned opinion of Mr. Justice LINN in *Commonwealth v. Lehman,* 309 Pa. 486, and of Mr. Justice SCHAFFER in *Commonwealth ex rel. Minerd v. Margiotti,* 325 Pa. 17, it was pointed out that the Attorney General, apart from any express statutory authority, can supervise the performance of a district attorney's duties whenever he may deem such action necessary, and that section 907 of the Administrative Code merely regulates the nature of such "supervision" in the situations to which it is applicable. Even if it is at the request of a President Judge that the Attorney General appoints a special prosecuting attorney, he does so, not because of any mandatory duty, but in the exercise of his own discretion and ultimate judgment; by the express words of the statute, it is he who "employs" the attorney, just as it is he who employs the special deputy attorneys

general and special attorneys provided for in section 906. If he sees fit, therefore, to send his representative or employee to supersede the district attorney of the county, the Act of 1905 would not seem unreasonable in providing that the State should pay for the services thus rendered and the expenses incurred. It was said in *Commonwealth ex rel. Minerd v. Margiotti,* supra, p. 31: "The special attorney thus appointed . . . is just what the act says he is, a special attorney 'retained and employed' by the Attorney General to represent the Commonwealth in the particular matter or matters just as the Attorney General may retain and employ special attorneys to represent the Commonwealth in other special situations when in his judgment it is proper to do so. The person so retained and employed is the representative of the Attorney General for the time being and in the business confided to his care."

If, as now held, section 3 of the Act of 1905 is still in force and effect, it is clear that the Attorney General could not attach to the appointment a condition contrary to the terms of that provision. Nor were defendants bound thereby on any theory of acquiescence, waiver or estoppel, since they had nothing to do with either the appointment or the request that it be made.

The order of the Superior Court, affirming the order of the court below, is affirmed.