## Club Liquor License Quota

RENO, Attorney General, October 10, 1939.—We have your letter of August 10, 1939, wherein you request to be advised whether the Pennsylvania Liquor Control Board may grant a new retail license to a club applicant when the number of retail licenses in the community in which the applicant is located, exclusive of hotels and clubs, exceeds that allowed by the Act of June 24, 1939, P. L. 806.

226

The Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended and reënacted July 18, 1935, P. L. 1246, and June 16, 1937, P. L. 1762, 47 PS §744-1 et seq., was the first legislation regulating and restraining the sale of alcoholic beverages following the repeal of the Eighteenth Amendment to the Federal Constitution by the Twenty-first Amendment.

For the control and regulation of 3.2 percent beer, authorized by Congress prior to the repeal of the Eighteenth Amendment, the Beverage License Law of May 3, 1933, P. L. 252, was passed by the General Assembly. This law was amended by the Malt Liquor License Law of December 20, 1933, P. L. 75, and the Beverage License Law of July 18, 1935, P. L. 1217, and amended and reenacted June 16, 1937, P. L. 1827, 47 PS §84 et seq.

Since the Pennsylvania Liquor Control Act and the Beverage License Law relate, in part, to the same things or class of things, they are in pari materia, and are to be construed together, if possible, as one law: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 62, 46 PS §562. It will be noted also that both acts were either passed or amended at the same special session of the legislature in 1933, and it is to be presumed that the General Assembly acted with full knowledge of that fact: Statutory Construction Act, supra, art. IV, sec. 52, 46 PS §552.

The same reasoning applies to the Act of 1939, supra, to wit: That is, too, is in pari materia with the Pennsylvania Liquor Control Act and the Beverage License Law, unless it is irreconcilable with either or both; in which event the Act of 1939 will control to the extent that it conflicts with either of the other statutes: Ogilvie's Estate, 291 Pa. 326 (1927) ; Statutory Construction Act, supra, art. IV, sec. 66, 46 PS §566. And this is doubly true since the Act of 1939 contains, in section 4, a repeal of "All acts and parts of acts inconsistent herewith" : Pipa v. Kemberling et al., 326 Pa. 498 (1937) .

Both the Pennsylvania Liquor Control Act and the Beverage License Law contain many criteria and restrictions relative to the granting and issuing of licenses for retail dispensers of malt beverages and liquor. Another statute, the Act of July 9, 1881, P. L. 162, 47 PS §181 et seq., is in pari materia with the aforesaid two acts, and must be read with them: Shibe's Case, 117 Pa. Superior Ct. 7 (1935). This Act of 1881, however, confines itself to prohibiting the granting of licenses to sell alcoholic beverages to places of amusement, and we may, therefore, ignore it in our present inquiry.

Neither the Pennsylvania Liquor Control Act nor the Beverage License Law places any absolute prohibition upon the number of retail licenses issuable by the board. The Beverage License Law, as amended in 1937, supra, 47 PS §89, provides, inter alia:

"Section 6. Malt and Brewed Beverages Retail Licenses.— (a) Subject to the restrictions hereinafter provided . . . the board *shall*, in the case of a hotel or eating place, grant and issue, and, in the case of a club, *may*, in its absolute discretion, grant and issue, to the applicant a retail dispenser's license." (Italics supplied.)

The Pennsylvania Liquor Control Act stipulates, inter alia, art. IV, sec. 401, 47 PS §744-401:

"(a) Subject to the provisions of this act . . . the board shall have authority to issue a liquor license for . . . a hotel, restaurant or club . . . to sell the same, and also malt or brewed beverages . . .".

But nowhere, in either act, is any maximum as to the number of licenses issued and granted by the board imposed.

It follows, therefore, that the Act of 1939 is the sole legislation which places a definite limit upon the number of liquor and malt or brewed beverage licenses for retail dispensers thereof issuable and grantable by the board.

The Act of 1939 is "An act limiting the number of licenses for the retail sale of liquor, malt or brewed bev-

erages, to be issued by the Pennsylvania Liquor Control Board; defining hotels . . .".

The act defines hotels and municipalities. In section 2, the most important one in relation to the problem under discussion, it is said, in part:

"No licenses shall hereafter be granted by the Pennsylvania Liquor Control Board for the retail sale of malt or brewed beverages, or the retail sale of liquor and malt or brewed beverages, in excess of one of such licenses, of any class, for each one thousand inhabitants or fraction thereof, in any municipality, exclusive of licenses granted to hotels, as defined in this act, and clubs . . . but where such number exceeds the limitation prescribed by this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded."

Then follows section 3:

"The Pennsylvania Liquor Control Board shall have the power to increase the number of licenses in any municipality which, in the opinion of the board, is located within a resort area."

The question you have addressed to us does not involve the renewal or transfer of existing retail licenses of any class, but is confined to the issuing and granting of *new* licenses to club applicants in a municipality where the number of licenses outstanding, exclusive of hotels as defined in the Act of 1939, and clubs, already exceeds that allowed by the act.

Nor does your request for advice involve section 3 of the Act of 1939, whereon, therefore, no opinion is herein expressed.

Although section 2 of the Act of 1939, in setting the maximum number of licenses the board may issue in any municipality, does exclude hotels, as defined in the act, and clubs, from the computation, in the latter part of the same section, in dealing with a situation where the number of licenses issued already exceeds the limit imposed by the act, clubs are not excepted, as are hotels as defined

in the act. It follows, therefore, that in such circumstances clubs are included within the prohibition.

In view of the foregoing, it is the opinion of this department, and you are, therefore, advised that the Pennsylvania Liquor Control Board has no authority to issue and grant a new license for the retail sale of liquor and malt or brewed beverages to a club applicant in a municipality wherein the number of such licenses outstanding, exclusive of hotels as defined in the Act of June 24, 1939, P. L. 806, and clubs, exceeds that permitted by said act..