Morganroth's Election Contest Case.

Argued December 4, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN and PARKER, JJ.

*Carl Rice,* County Solicitor, for appellant.

*Charles C. Lark,* with him *Samuel Gubin,* for appellees.

OPINION BY MR. JUSTICE PARKER, January 4, 1943:

This appeal arose out of the contest of the election of Honorable Charles K. Morganroth to the office of judge of the Court of Common Pleas of Northumberland County. The particular complaint of the appellant is that the court below declined to certify that "the proceeding was without probable cause and order costs to be paid by petitioners".

The court, convened by the order of the Governor, without hearing any evidence and after argument, dismissed the petition for a contest. The reason assigned was that "the whole petition is so defective in substance that a sufficient cause of action is not stated therein". That court also refused a motion to amend the original petition because it was made too late. Thereupon the county by its solicitor filed in the office of the prothonotary and had taxed as costs expenses paid by the county for guards to take custody of the ballot boxes, expenses for court stenographer, and sheriff and prothonotary's fees. Exceptions were filed by contestants to the taxing of costs for guards and service of stenographer, amounting to $3,943.60, and an appeal was taken to the court of common pleas. That court sustained the exceptions and the county has appealed to this court. The order must be affirmed.

Costs as such were given to neither plaintiff nor defendant at common law (*Musser v. Good,* 11 S. & R. 247, 249), and the right is purely statutory. It was therefore

incumbent upon the county to point to a statute for authority to impose the costs in this proceeding on contestants: *Stewart v. Baldwin*, 1 P. & W. 461; *King v. Boyles*, 31 Pa. 424. Such statutes are strictly construed *Lewis v. England*, 4 Binney 5, 13; *Cooper's Est.*, 97 Pa. Superior Ct. 277. The appellant relies solely on sections 1769 and 1770 of the Pennsylvania Election Code, Act of June 3, 1937, P. L. 1333 (25 PS 3469, 3470).

Section 1769 provides: "(a) In contested nominations or elections of all classes, if the committee or court or judge shall decide that the complaint is without probable cause, the petitioners, and every one of them, shall be jointly and severally liable for all the costs, and the same may be collected as debts of like amount are by law collectible." Section 1770 provides in part as follows: "Whenever, in contested nominations or elections of judges of courts of record, . . . the contestant or contestants establish his or their right to the nomination or office, or, if they fail to establish their rights, but the court or judge shall decide that the complaint was not without probable cause, the court or judge shall apportion all the costs among the proper districts, counties, . . . of the whole district in which contest is had, in such way as said court or judge shall think just, and shall compel by order, the payment of such amounts so apportioned to each," etc. By the plain words of the statute the right to impose costs on the contestants is conditioned upon a finding by the court "that the complaint is without probable cause". No such finding was made. The court below after noting that it had not found that the original petition was presented without probable cause said: "Therefore, this Court was not required to certify that the complainant was 'without probable cause', as it is obvious that no such order could be made until all the testimony had been taken, a full investigation made, and the controversy was at an end." The appellant argues that the court below in dismissing the petition, for the reason that it did, implied that it was presented without probable cause. With this view we do

not agree. The petition charged serious violations of the election law, bribery and corruption, but the charges were not sufficiently specific to form the basis of a valid charge or charges. It may have been that these contestants did have probable cause for instituting the proceeding and that the indefinite character of the charges was the fault of those who prepared the petition and allowed the time for filing an amendment to pass without furnishing a more definite charge. No testimony was taken in the case and the contestants did not have an opportunity to show probable cause. The record presented no facts from which the question could be decided.

The items which were excluded from the bill of costs by the court below were not in any event properly taxable as costs. The bills for stenographer's fees were not incurred in the taking of testimony as none was taken, but, we assume, were for services rendered to the members of the special court convened to hear the contest. The petition requesting the court to take charge of the ballot boxes was presented to a judge of Northumberland County before the special court was convened but the special court gave its approval when it met by issuing an order changing the guards. It is apparent that this action was taken, although on petition of contestants' counsel, for the purpose of preserving evidence and because the court concluded that the county had no facilities for safely keeping the boxes.

We are of the opinion that stenographer's fees and expenses incident to the impounding of the ballots by the court were part of the general expense of holding the courts of the county. Section 1 of the Act of May 1, 1907, P. L. 135 (17 PS 1801 et seq.) specifically authorizes the court to employ such help, and by section 6 (17 PS 1807) provides that the county shall pay for such services. That the court, independent of statute, had the power to impound the ballots and direct the necessary expense to be paid by the county seems equally clear. It was an essential to the proper functioning of the court: *McCalmont v. County of Allegheny*, 29 Pa. 417; *Com-*

*missioners v. Hall,* 7 Watts 290. These expenses belong to the same class as those incurred in the care of a jury. The county had not provided a safe place to preserve the ballots where they could not be tampered with. As Chief Justice GIBSON said in *Commissioners v. Hall,* supra, p. 291: "When a deficiency of public accommodation induces an expenditure, it must be at the public charge, for it is as much a part of the contingent expenses of the court, as is the price of fire wood and candles consumed in the court room." It was just as important that the evidence should be preserved as that a jury should be cared for during their deliberations and kept free from outside interference. The matter being investigated was one that affected the whole public and its effects were not confined to the contestants. It was peculiarly appropriate that the expense should be borne by the county which was charged with the care of the ballot boxes.

Order affirmed at cost of appellant.