## Eshback v. Martin et al.

*Sidney Krawitz,* for plaintiff.

*Harold C. Edwards,* county solicitor, for defendants.

ROBINSON, J., forty-fifth judicial district, specially presiding, April 5, 1949.—Plaintiff here declares in assumpsit for the sum of $436. Plaintiff is the recorder of deeds and defendants are the commissioners of the eighth class County of Pike, in this Commonwealth. The litigation relates to the county's liability for fees claimed by the recorder for reporting and certifying deeds, mortgages, assignments and satisfactions to the county commissioners.

The complaint alleges the duty of the recorder to certify to defendants a monthly report of the deeds, mortgages, assignments and satisfactions recorded in this office; that plaintiff, as recorder, so certified monthly from September 1947 to May 1948, inclusive, a total of 494 deeds; that for the same period he certified in like manner 227 new mortgages, 138 satisfied mortgages and 13 assignments of mortgages; alleges that he is entitled to fees from the county at the rate of 50 cents for each item of certification; and claims that under the Act of June 21, 1947, P. L. 765, 16 PS §2887, he is entitled to $247 for the deeds certified, and to $189 for the mortgages, assignments and satisfactions reported and certified.

The answer admits all of the factual allegations of the complaint but denies that the county is liable under the Act of 1947; it avers that the recorder's compensation for certifying deeds must be collected from the persons recording the same and not from the county; and avers that the county's liability for the mortgages, assignments and satisfactions reported is at the rate of 10 cents for each of the 378 items certified. It admits that $37.80 is due plaintiff.

Plaintiff filed a motion for judgment on the pleadings under Pa. R. C. P. 1034.

The question thus to be considered is the effect of the Act of 1947 upon the compensation allowed by the statutes imposing upon the recorder the duty to report and certify the instruments of record to the county commissioners.

Section 3 of the Act of 1947, P. L. 765, expressly repeals section 8 of the Act of 1868, P. L. 3, and provides that "any and all other acts or parts of acts are hereby repealed in so far as they are inconsistent with the provisions of this act." Thus the legislation, itself, declares the effect it is to have on prior enactments and no other interpretation can be given it. Where as here, the statute repeals any and all other acts, or parts of acts, inconsistent with it, it only can repeal those laws, or parts of laws, which are in fact inconsistent: Pipa v. Kemberling, 326 Pa. 498; Shibe's Case, 117 Pa. Superior Ct. 7.

Also to be considered in determining the meaning to be given a statute is the presumption of law that the legislature in enacting a statute acts with full knowledge of existing statutes relating to the same subject matter, and where no expressed terms of repeal are used the presumption is always against an intention to repeal an earlier statute: Kingston Borough v. Kalanosky et al., 155 Pa. Superior Ct. 424.

The pertinent language of section 1 of the Act of 1947 to be considered is as follows:

"For certifying deeds, mortgages, assignments, and satisfactions of record to the County Commissioners, fifty cents."

Our first duty is to direct inquiry to the plain and ordinary meaning of the legislation. "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext

of pursuing its spirit": Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV., sec. 51, 46 PS §551. This is a statutory expression of a well-recognized canon of interpretation: Marson v. Philadelphia, 342 Pa. 369. In F. K. Market House Co., Inc., v. Reading, 310 Pa. 493, the opinion states, at page 498, the following applicable interpretive doctrine:

"It is an established proposition that 'the intention and meaning of the legislature must primarily be determined from the language of the statute itself, and not from conjectures aliunde. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning. This principle is to be adhered to notwithstanding the fact that the court may be convinced by extraneous circumstances that the legislature intended to enact something very different from that which it did enact': 25 R. C. L. 961, sec. 217."

We, therefore, examine the Act of 1947 to determine, if possible, its plain and obvious meaning. It is to be noted that the stated title of the Act of 1947 is "an act fixing the fees of the Recorders of Deeds in counties of the sixth, seventh and eighth class." The title and preamble of a law may be considered in the construction thereof: Act of 1937, P. L. 1019, art. IV, sec. 54, 46 PS §554. From the title it is clear that the legislation was enacted for the sole purpose of fixing the fees of the recorders of deeds in counties of the sixth, seventh and eighth class. No subject, other than the fixing of fees, is treated upon in the title. Section 1 sets the fees to be paid the recorder for the various services performed, section 2 provides that all fees shall be exclusive of State taxes and requires that they be payable in advance, and section 3 repeals the

prior fee legislation of 1868 and any and all acts, or parts of acts, inconsistent with it. Thus the context of the statute deals with no subject other than that of fees and rates. The act imposes no duty upon the recorder nor does it relieve him of any lawful duty. It is silent in each instance of service rendered as to who shall pay the fees charged. It imposes no liability on any person or municipality nor does it relieve any person or municipality from liability under prior law. The only conclusion that can be reached from the plain and obvious meaning of the language employed in the statute is that it does nothing more than fix the fees and rates to be charged for the services enumerated in the enactment. In this respect and this respect only will it repeal inconsistent provisions of other acts. The duties of the recorder and the persons liable for the services are left by the Act of 1947 to other laws.

The duty of the recorder to keep daily records of the deeds recorded in his office and to certify them to the county commissioners is presently imposed upon the officer by The Fourth to Eighth Class County Assessment Law of May 21, 1943, P. L. 571. Section 605 thereof (72 PS §5453-605) requires that this record be kept separate and apart from all other records and that it be filed in the office for the assessment and revision of taxes every month. This section deals with the matter of fees for the service and the persons liable therefor in the following language:

"And the recorder of deeds shall charge and collect from the person presenting a deed of conveyance for record, the sum of fifteen cents when it contains but one description of land and ten cents for each additional description therein described, which sum shall be in full compensation for his services under this act."

It is apparent that this language, which sets the fees to be charged for the service of certification at 15 cents

for one description and 10 cents for each additional description, is at odds with the provision of the Act of 1947 which fixes the fee at 50 cents. It is inconsistent with the Act of 1947 and therefore repealed as to the amount to be charged. On the other hand, it is clear that the person presenting the deed for recording is the one liable under the statute for the services, and the recorder is duty bound to collect from him, the fee, which shall be the officer's only compensation. As the Act of 1947 is silent on this subject there is no inconsistency and therefore no repeal of that part of the Act of 1943. We can conceive of no sound hypothesis which would warrant a conclusion that the silence of the Act of 1947 makes the county liable for the fee despite the provision of the Act of 1943 that the recorder shall collect the fees from the person recording the deed and such shall be his only compensation for the services.

The expenditure of public funds without the express authorization of a statute is improper. True, the courts have, in some instances, been liberal in construing legislation to determine the authority for the expenditure of public funds where the public interest would be threatened by the consequences of an adverse construction. See Keating v. White et al., 141 Pa. Superior Ct. 495. But such doctrine of construction cannot obtain here to place liability on the municipality in defiance of the provision of the Act of 1943 making the person recording the deed liable for the fees and limiting the compensation of the office to just that.

We hold that the County of Pike is not liable to the recorder for the deeds certified to the county commissioners and that the officer can look only to the one recording a deed for his compensation.

The duty of the recorder to certify mortgages and assignments and satisfactions of mortgages to the

county commissioners is of different statutory origin. This duty is imposed upon the recorder by section 7 of the Personal Property Tax Act of June 17, 1913, P. L. 507, 72 PS §4861, and is designed to be in aid of the assessment and collection of the four-mill personal property tax.

Section 14 of this statute (72 PS §4866) provides that:

"Recorders of Deeds and Prothonotaries shall be entitled to receive ten cents for each and every mortgage, judgment, or lien, assignment or satisfaction thereof, reported to the County Commissioners or Board of Revision of taxes as required by law; which fees shall be paid by the respective County Treasurer on the presentation of proper vouchers . . ."

We find nothing in the Act of 1947 which affects the duty of the recorder to report mortgages, assignments and satisfactions to the county commissioners, or relieves the county of liability to the recorder for the services performed. The Act of 1947 is silent in this respect and, here again, the compensation of the officer and the liability therefor is left to prior statutory law. There is, however, a clear inconsistency as to the amount of compensation to which the recorder is entitled for the service, the Act of 1913 providing a fee of 10 cents for the work while the Act of 1947 allows 50 cents. The Act of 1947 repeals and supersedes the Act of 1913 as to the amount of compensation for the reporting of mortgages, assignments and satisfactions, but the other provisions thereof are untouched by the later enactment. The effect of the Act of 1947 upon the Act of 1913 is as though the earlier statute was amended to increase the fees from 10 cents to 50 cents for each mortgage, assignment and satisfaction reported. Other provisions of section 14 are not affected by the fee raising legislation and are in force

as the controlling legislation requiring the recorder to perform the service and imposing an obligation on the county to pay for it. In no way other than in the amount of the fee to be charged, are the enactments inconsistent.

We must reject the contention of defendants that the Act of June 21, 1947, is violative of the Constitution of Pennsylvania, art. III, sec. 13, in that it increases the salary or emoluments of the recorder, as a public officer, during the term of his office. There is nothing in this Act of 1947 which even suggests a change in the basic legislation determining the compensation or emoluments of the recorder of deeds in the counties of the eighth class. This is especially evident when it is considered that section 14 of the Act of 1913 provides that the amounts allowed the recorder by the act "shall not exceed the sum of six hundred dollars per annum". True, the legislation may increase the receipts of the recorder's office but the statutory limitations on his compensation are undisturbed.

The legislated ceiling on the amount of compensation plus the presumption that the legislature did not intend a violation of the fundamental law are conclusive on the question of constitutionality.

"All presumptions are in favor of the constitutionality of acts and courts are not to be astute in finding or sustaining objections to them: Erie & North-East R. R. v. Casey, 26 Pa. 287; Sugar Notch Borough, 192 Pa. 349; Gottschall v. Campbell, 234 Pa. 347; Com. v. Lukens, 312 Pa. 220": Hadley's Case, 336 Pa. 100, 104.

So viewed, we are of the opinion that the County of Pike is liable to the recorder of deeds for reporting and certifying 378 mortgages, assignments, assignments and satisfactions and that at the rate of 50 cents for each.

It is hardly to be expected that a public office can be operated today on the basis of service fees that have

634

been set during a period that extends back 81 years. The sole legislative purpose of the Act of 1947 was to increase the amount of certain fees which the recorder of deeds collects in counties of the sixth, seventh and eighth class. It is, to that extent revisionary and takes the place of prior legislation on the subject and therefore repeals the prior enactments where the provisions of the legislation are exclusive and cannot be harmonized: Re Appointment of Visitors to the Allegheny County Home, 109 Pa. Superior Ct. 519; Shibe's Case, supra. As the Act of June 21, 1947, is merely fee raising in purpose and character it will affect prior legislation only to that extent. With that exception, the provisions of section 605 of the Act of 1943 and section 14 of the Act of 1913 are controlling in this litigation.

Accordingly, April 5, 1949, judgment is entered for plaintiff in the sum of $189. Exceptions are allowed the parties.