## Metz v. Long

*Wirtzman, Sikov & Love* and *John H. Broujos*, for plaintiff.

*George F. Douglas, Jr.*, for defendants.

SHUGHART, P. J., December 6, 1962.—The trial of the above action before a jury resulted in a verdict in favor of plaintiff in the amount of $23,500. No post-trial motions of any kind were filed.

Prior to the trial, plaintiff had taken the testimony of two physicians, who resided in the City of Pittsburgh, by deposition. The depositions of both were read into evidence at the trial. Plaintiff has filed in his bill of costs an item covering the costs incurred in taking and transcribing the depositions of these two witnesses. Defendants contend that these costs are not properly taxable and should not be allowed. This is the first question presented for decision.

"At common law the imposition of costs upon the unsuccessful party was unknown (Musser v. Good, 11 S. & R. 247, 250) and courts today have no inherent power to award costs, they can only be awarded by virtue of express statutory authority. Morganroth's

Election Contest Case, 346 Pa. 327, 328": Stone v. Stone, 12 Cumb. 99, 100.

It has been held that there is no statutory authority for the taxation of stenographer's charges in taking depositions as costs: Smith v. Levy, 19 Dist. R. 435, 437; Bonetti v. Northwest Polish American Citizens Association of Pennsylvania (No. 2), 1 D. & C. 2d 243. The refusal to permit the taxation of the costs of taking and transcribing depositions of witnesses for trial is firmly supported in the law. We believe that this refusal is further supported by reason and equity.

In this case, by virtue of depositions, plaintiff had available as part of his case testimony of two highly qualified experts of the medical profession. Had these witnesses personally appeared, he could have taxed as costs only the customary witness fee plus mileage. Unquestionably, these witnesses would have demanded and would have received sums far in excess of the usual witness fee. No part of this fee would, however, be recoverable as costs. We are completely satisfied that the costs of taking the depositions, which totaled $83.50, was far less than would have been the cost to plaintiff to produce these two witnesses in court at the time of trial. We have no hesitancy in concluding that the taxation of the costs of taking and transcribing the depositions is improper and that these costs must be disallowed.

The second question presented arises from the application of counsel for defendants for counsel fees and expenses for appearing in Pittsburgh on two separate days for the testimony of the two physicians referred to above. Pa. R. C. P. 4008 provides: "If a deposition is to be taken by oral examination more than 100 miles from the courthouse, the court, upon motion, may make an order requiring the payment of reasonable expenses including attorney's fees, as the court shall deem proper."

In the instant case, the depositions of the witnesses were apparently taken pursuant to an oral stipulation between counsel for the parties. Counsel for defendants made no application for the allowance of expenses until after counsel for plaintiff attempted to file as part of the costs the taking and transcription of the depositions referred to above. It is contended by counsel for plaintiff that this failure to make an earlier demand for fees and expenses has resulted in a waiver of the right to make the claim.

The depositions of the two physicians, Drs. Mitchell and Gray, were taken pursuant to an oral understanding of counsel and were not taken by leave of court on motion as provided by Pa. R. C. P. 4003 (a) (2). Counsel for plaintiff has cited the case of Rennekamp v. Meloby Company, 101 Pitts. L. J. 110, as authority for the proposition that only when depositions are taken according to Pa. R. C. P. 4003 or 4007 is counsel entitled to fees and expenses. This case was decided when Pa. R. C. P. 4008 specifically restricted counsel fees to cases where depositions were taken pursuant to 4003 and 4007. Pennsylvania Rule of Civil Procedure 4008 was amended April 12, 1954, to provide as set forth above, and the restriction of its application to the two situations was removed. The Rennekamp case is, therefore, not applicable here.

On the other hand, it would seem that Pa. R. C. P. 4008 is designed specifically for the situation where depositions are taken by agreement as in this case. If depositions were taken pursuant to Pa. R. C. P. 4003 (a) (2), there is an application to the court, and the opponent would normally request allowance of expenses and counsel fees and the order authorizing the depositions would provide for the same. There would be no need to resort to the provisions of Pa. R. C. P. 4008. See 4 Goodrich-Amram, §4008-6.

We are not impressed with the argument of plaintiff that the courtesy extended by the defense counsel's agreement to take the depositions without application to the court should deprive him of counsel fees and expenses. It has been characteristic of the bar of this court to take depositions for discovery and for use at trial by agreement and without recourse or resort to the court. Further, it may be expected that in many instances arrangements are made for the payment of counsel fees, but in the memory of the writer of this opinion there have been no previous applications to the court. We do not propose to discourage the members of this bar from continuing to act on gentlemen's agreements by deciding that such conduct shall be deemed a waiver of their right to counsel fees and expenses.

The deposition of Dr. Mitchell was taken July 26, 1962. The deposition of Dr. Gray was taken September 7, 1962. A verdict was rendered in the case on September 28, 1962. The motion for counsel fees and expenses was filed October 30, 1962. We believe it may be possible for counsel to lose the right to fees and expenses for taking depositions because of inordinate delay in making a claim. In this case, where the claim was made before the matter of costs in the case was settled, we believe that it was timely.

Plaintiff's counsel has stated that the depositions of both physicians were scheduled for August 8, 1962, but were not held due to the unavailability of counsel for the defendants. It is contended, therefore, that since but one day should have been used instead of the two days that were actually employed, the allowance should be restricted to compensation for one day plus one day travel and expenses. Apparently, no other day was agreeable to both physicians or counsel and, in the absence of anything to indicate that the unavailability of defendants' counsel was not for a legitimate reason,

this argument must be rejected. Counsel for defendants, with characteristic frankness, set forth in his petition that on September 7, he took depositions in another case in Uniontown and, therefore, he should be compensated in the present case for only one half of the fee and expenses involved on this date. He also stated that the court may use as mileage the figure used by plaintiff in his witness bill of 390 miles for the round trip distance between Pittsburgh and Carlisle.

In the absence of any evidence as to the value of the services performed, we will fix a counsel fee of $100 for each day engaged. Since only half of the charge should be allowable for the date on which defendants' counsel also took depositions in Uniontown, the total counsel fee is fixed at $150. There is no evidence as to any other expenses. We will, therefore, allow full mileage at 10 cents a mile for the one day and one half the mileage on the other date, which figures total $58.50.

### Order of Court

And now, December 6, 1962, for the reasons given, the taxation of the costs of taking and transcribing the depositions of the two witnesses, George H. Gray, Jr., M.D., and Harold L. Mitchell, M.D., is disallowed, and pursuant to Pa. R. C. P. 4008, George F. Douglas, Jr., attorney for defendants, is awarded counsel fees in the amount of $150, plus expenses of $58.50, or a total of $208.50. An exception is noted for plaintiff.