## Denman v. Rhodes

*Clinton Fogwell*, for plaintiffs.
*James E. O'Neill*, for defendant.

RILEY, J., May 10, 1967.—The matter before us concerns the propriety of charging stenographic costs for a copy of the notes of testimony employed in a successful appeal and subsequently successful retrial. Upon appealing a refusal of plaintiffs' motion for new trial following an adverse verdict, the county paid for the original notes of testimony, as is usual in such cases. Plaintiffs contend that since they were required to print the record of the notes of testimony on appeal, they obtained a copy of the notes from the court stenographer for submission to the printer. The costs incurred for the notes, they contend, should be assessed as costs of the case. Defendant does not dispute plaintiffs'

right to recover all "costs", but denies this charge to be a "cost" within the category of "taxable costs". We must concur with the position of defendant.

Both parties concede, as they must, that costs are recoverable only as authorized by statute, it being the well-established law of this Commonwealth that imposition of costs is peculiarly statutory and that such statutes, being in derogation of common law, are strictly construed: Morganroth's Election Contest Case, 346 Pa. 327. The statute upon which plaintiffs rely is the Act of April 15, 1907, P. L. 83, 12 PS §1193, as amended, in which it is provided:

"The cost of printing the paperbook [on appeal] of each party shall be taxed as costs, collectible by the attorney of record of such party in such appeal. Said amounts to be taxed and collected in the same manner as costs are now taxed and collected by law".

That the statute referred to makes the actual cost of printing the paper books on appeal a part of the recoverable record costs of the case is quite clear. However, what plaintiff seeks to assert are expenses incidental to having the record printed. Whether printed or typed, reference to the record is necessary for the attorney's brief and for appellate court reference, and the original notes are transcribed at the expense of the county for that purpose. If any party desires a copy of all or a part of the notes, he may copy the same from the original, or, for better convenience, pay the court stenographer to make him a copy. This is no more a cost of printing than the secretary's time preparing the notes for mailing to the printer, or delivering them, or the attorney's time in editing them for pertinent parts. There are many expenses pertaining to litigation that are part and parcel of an attorney's or party's overhead and not a part of the taxable costs of the case, and we view this area to be one such item of expenses.

Plaintiffs have argued that the language of section 1, authorizing the ultimate winning party to "collect from the losing party as part of the costs, such amount as shall have been expended for printing paperbooks upon said appeal", is sufficiently broad to include all expenses "incidental" to the printing, including preparatory expenses. However, in the sentence immediately following, the legislature clearly defines the intendment of the section when the act states: "The cost of printing the paperbook . . . shall be taxed as costs. . . ." It seems to us quite clear that the very reason for inserting this clause was to avoid any confusion as to the area of collectible costs by pinpointing it to the "cost of printing the paperbook" and not other expenses that might be arguably incidental to that phase of the case.

While we are concerned here only with the record, plaintiffs' argument might well be extended with equal merit to the costs of typing the brief necessary to be submitted to the printer, the time to research the cases quoted or cited in the brief and all other expenses relating to preparation of the material to be printed in the paper book, plaintiffs' contention being that since the record is necessary for the paper book, the expenses of obtaining it are properly part of the amounts expended on printing the record. Construing the statute strictly as we must, we cannot extend its meaning beyond its clear meaning and necessary implications and, hence, construe it to include as taxable costs only the printer's bill for actually printing the paper book.

Therefore, this 10th day of May 1967, defendant's appeal from the assessment of costs is sustained and the item of $58.80 as costs of having the stenographer make a copy of the trial record is hereby ordered stricken from plaintiffs' bill of costs.