## Means's Appeal.

Argued March 21, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

426

*Hymen Schlesinger,* with him *Isadore Schlesinger,* for appellant.

*Thomas M. Benner,* first Assistant City Solicitor, with him *Cornelius D. Scully,* City Solicitor, for appellee, City of Pittsburgh.

*Harry A. Estep,* with him *James T. Philpott* and *Arthur L. McLaughlin, Jr.,* for appellee, Michael DeRosa, Jr.

OPINION BY MR. JUSTICE MAXEY, April 9, 1934:

At the primary election held September 15, 1931, Michael DeRosa, Jr., received his party nomination for alderman of the Twelfth Ward of the City of Pittsburgh by the apparent majority of fifty-two votes over William A. Means, the incumbent. A number of electors who were interested in Means's candidacy filed a petition for a contest in the ward's fifth district where DeRosa had a substantial majority. DeRosa made answer and then on his behalf petitions were filed asking the court to investigate the votes cast in the eighth, tenth, twelfth and fourteenth districts, where Means had received substantial majorities. An examiner was appointed by the

court of quarter sessions as provided by the Act of May 19, 1874, P. L. 208, section 8. After hearing and report by the examiner, the court rejected the votes in the fifth, eighth, twelfth and fourteenth districts, and declared DeRosa the nominee by 90 votes. The court ordered the costs to be divided equally between Means and DeRosa but later modified its order and placed one-fifth of the costs on DeRosa and four-fifths on the City of Pittsburgh. No costs were placed on Means. Both the City of Pittsburgh and DeRosa excepted to the order. Appeals were taken to the Superior Court and that court placed the entire costs on Means, appellant herein.

The Act of May 19, 1874, P. L. 208, section 9, as amended by the Act of April 28, 1899, P. L. 118, provides in substance that in an unsuccessful election contest the petitioners for the contest must jointly and severally pay the costs; in a successful election contest the proper county, borough, township or school district must pay the costs.

Means was not a petitioner; he was merely an unsuccessful contestant. He "failed to establish his right to the office to which he claimed to have been elected," thereby bringing about the contingency upon which the petitioners for Means's unsuccessful contest became jointly and severally liable for the costs of that contest. See Foy's Election, 228 Pa. 14, 76 A. 713, and Thirty-Eighth Ward Election, 35 Pa. Superior Ct. 256.

The judgments of the Superior Court are reversed. The judgments of the court of quarter sessions are reversed. The record is remitted to the court of quarter sessions for further proceedings consistent with this opinion.