624 A.2d 713

**BIG B MINING CO., Petitioner,**

**v.**

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 1, 1993.

Decided April 13, 1993.

Petition for Allowance of Appeal Denied Sept. 16, 1993.

Bruno A. Muscatello, for petitioner.

Diana J. Stares, Asst. Counsel, for respondent.

Henry Ingram, for amicus curiae Pennsylvania Coal Ass'n.

Before PELLEGRINI and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Big B Mining Company, Inc. (Big B) appeals from the order of the Environmental Hearing Board (EHB) which denied Big B's petition for counsel fees, costs and expenses incurred while successfully challenging the Department of Environmental Resources' (DER) denial of its application for a surface mining permit. We reverse and remand.

After prolonged litigation, Big B successfully obtained a surface mining permit. Big B then petitioned to recover counsel fees, costs and expenses, pursuant to Section 4(b) of the Surface Mining Conservation and Reclamation Act (SMCRA), Act of May 31, 1945, P.L. 1198, *as amended,* 52 P.S. § 1396.4(b). The EHB refused to award fees and costs, holding that Section 4(b) of SMCRA applies only to enforcement actions and not to permit proceedings. In *Big B Mining Co. v. Department of Environmental Resources,* 142

Pa.Commonwealth Ct. 215, 597 A.2d 202 (1991), *appeal denied,* 529 Pa. 652, 602 A.2d 862 (1992) (*Big B I* ), we held that the EHB erred as a matter of law in its interpretation of Section 4(b) of SMCRA because it relied on the congressional intent of Section 525(e) of the Federal Surface Mining Control and Reclamation Act (Federal SMCRA), P.L. No. 95–87, 91 STAT. 445 30 U.S.C. §§ 1201–1328 (1982), the federal counterpart of Section 4(b) of SMCRA, which does not allow fees in permit proceedings. We specifically held that Section 4(b) of SMCRA does permit the award of counsel fees and costs incurred in permit proceedings and remanded it to the EHB for proceedings consistent with our opinion.

On remand, the EHB again denied Big B's request for fees and costs. The EHB found that a permittee seeking to recover counsel fees, costs and expenses under Section 4(b) of SMCRA must prove "that DER's action was patently unjust and oppressive, a flagrant abuse of governmental power." The EHB again looked to Federal SMCRA and the "Pennsylvania Cost Act," Act of December 13, 1982, P.L. 1127, 71 P.S. § 2031–2035, to establish the requirements to receive fees and costs.

■ In this present appeal,[1] Big B asserts that the EHB erred in imposing a higher standard under Section 4(b) of SMCRA for permittees to receive fees and costs than for other litigants.

Federal SMCRA and its implementing regulations do not provide for any recovery of attorney's fees and expenses by permittees for a successful challenge of a surface mining permit denial. However, in *Big B I,* we specifically held that Section 4(b) of SMCRA does allow such recovery. However, following our remand, the EHB held that a permittee seeking such recovery in connection with a permit application proceeding, must prove that DER's action was "patently unjust and oppressive, a flagrant abuse of governmental power" reflecting

---

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

the federal standard for recovery of costs in cases other than permit challenge cases. The EHB borrowed this standard, which not only lacks a basis in Pennsylvania law, but which we held to be contrary to Pennsylvania law. The standard established by the EHB clearly flows from Federal SMCRA, a standard rejected by this Court in *Big B I*.

■ Section 4(b) of SMCRA states that: "[t]he Environmental Hearing Board, upon the request of any party, may in its discretion, order the payment of costs and attorney's fees it determines to have been reasonably incurred by such party and proceeding pursuant to this section." The EHB has allowed recovery under this section where the petitioner either succeeds on the merit of the case, or exceptional circumstances exist. *See Jay Township v. Department of Environmental Resources,* 1987 EHB 36. Because we held in *Big B I* that no segregation of petitioner classes is permissible, Section 4(b) of SMCRA must be applied equally to all those eligible for attorney's fees under Section 4(b).

In *Kwalwasser v. Department of Environmental Resources,* 131 Pa.Commonwealth Ct. 77, 569 A.2d 422, 424 (1990), we held that Section 4(b) "vests broad discretion in the board in awarding costs and attorney's fees." Further, we held that the EHB's exercise of discretion under this section will be reversed upon a finding of fraud, bad faith, or a flagrant abuse of discretion. The EHB established the criteria for eligibility for attorney's fees and expenses in *Kwalwasser* requiring: 1) a final order must have been issued; 2) the applicant for the fees and expenses must be the prevailing party; 3) the applicant must have achieved some degree of success on the merits; and 4) the applicant must have made a substantial contribution to a full and final determination of the issues.

Big B prevailed on each objective criteria the EHB established for eligibility for attorney's fees in Section 4(b) cases and as we set forth in *Kwalwasser*. Section 4(b) of SMCRA does not make a distinction between permittees and other parties in awarding fees and costs. Thus, the criteria established in *Kwalwasser* must be applied here. We hold that the

EHB erred in failing to grant costs, fees and expenses to Big B.

Accordingly, the order of the EHB is reversed and the case is remanded for action consistent with this opinion.

## ORDER

AND NOW, this 13th day of April, 1993, the order of the Environmental Hearing Board in the above-captioned matter is reversed and the case is remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.