George M. LUCCHINO, Petitioner,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1999.

Decided Jan. 12, 2000.

---

Thomas Alan Linzey, Shippensburg, for petitioner.

Martin H. Sokolow, Jr., Harrisburg, for respondent.

Before COLINS, J., KELLEY, J., and JIULIANTE, Senior Judge.

COLINS, Judge.

George M. Lucchino (Lucchino) appeals from an order of the Environmental Hearing Board (EHB) directing him to pay costs and attorney fees to a permittee, Luzerne Land Corporation (Luzerne), in the amount of $6,987.50, pursuant to Section 4(b) of the Surface Mining Conservation and Reclamation Act (SMCRA), Act of May 31, 1945, P.L. 1198, *as amended,* 52 P.S. § 1396.4(b),[1] and Section 307(b) of The Clean Streams Law (CSL), Act of June 22, 1937, P.L.1987, *as amended,* 35 P.S. § 691.307(b)[2].

In May of 1996, Lucchino filed an appeal objecting to the Department of Environmental Protection (Department's) approval of Luzerne's application to remove coal incidental to construction activities at a site in Robinson Township, Westmoreland County; the record indicates that Lucchino lives approximately two miles from the site of the proposed coal removal. On January 31, 1997, the EHB dismissed Lucchino's appeal for lack of standing, noting that Lucchino admitted that he was not directly affected by the proposed coal removal. Thereafter, pursuant to Section 4(b) of the SMCRA and Section 307(b) of the CSL, Luzerne filed a petition for award of costs and attorney fees against Lucchino.

◼ Subsequent to the filing of Luzerne's initial petition, the EHB modified its eligibility requirements for the award of costs and attorney fees. Specifically, pursuant to its decision in *Alice Water Protection Association v. Department of Environmental Protection,* 1997 EHB 840, the EHB now requires that a permittee seeking to recover costs and attorney fees from a third-party appellant, not only meet the four-prong test set forth in *Big B Mining Co. v. Department of Environmental Resources,* 155 Pa.Cmwlth. 16, 624 A.2d 713, *petition for allowance of appeal denied,* 535 Pa. 649, 633 A.2d 153 (1993),[3] but also demonstrate that the appeal was brought in bad faith. Accordingly, by its May 27, 1998 opinion and order, Luzerne was allowed to supplement its petition to specifically address the bad faith issue.

---

1. 52 P.S. § 1396.4(b) provides, in pertinent part, that the Board, "upon the request of any party, may in its discretion order the payment of costs and attorney's fees it determines to have been reasonably incurred by such party in proceedings pursuant to this section."

2. 35 P.S. § 691.307(b) contains, in pertinent part, virtually identical wording as that set forth in 52 P.S. § 1396.4(b).

3. With regard to eligibility for attorney fees and costs, *Big B Mining Co.* reaffirmed the following four-part test that had been set forth by the Court in *Kwalwasser v. Department of Environmental Resources,* 131 Pa.Cmwlth. 77, 569 A.2d 422 (1990):

1) A final order must have been issued;
2) the applicant for the fees and expenses must be the prevailing party;
3) the applicant must have achieved some degree of success on the merits; and
4) the applicant must have made a substantial contribution to a full and final determination of the issues.

Luzerne filed a supplemental petition, and the EHB, by order and opinion dated October 16, 1998, granted it, thereby directing Lucchino to pay costs and attorney fees to Luzerne in the amount of $6,987.50. Lucchino's present appeal from the EHB's decision is now before the Court.[4]

On appeal, Lucchino argues that the EHB erred in concluding that dismissal of his initial appeal for lack of standing was tantamount to Luzerne's success on the merits, and that a "full and final determination of the issues" was still needed. Lucchino also contends that the EHB's determination that his appeal against Luzerne had been brought in bad faith is not supported by the evidence. Finally, Lucchino maintains that the EHB ruling directing that he pay Luzerne costs and attorney fees punishes him and other similarly situate parties for exercising their right to challenge permit issuances, thereby having a "chilling" effect upon the fundamental, constitutional right to petition the government for redress of grievances. In this regard, Lucchino argues that Luzerne's elevated expenditures in defending its permit were inequitably passed on to him, and that because the Department did not vigorously defend its decision to grant Luzerne authorization for the coal removal, the Department should pay the costs and attorney fees incurred by Luzerne.[5]

Alternatively, it is Luzerne's contention that Lucchino's appeal was filed in bad faith with the intent to harass Luzerne. As examples of said bad faith, Luzerne points to the following facts elicited during Lucchino's July 1996 deposition: 1) At his deposition taken prior to dismissal of his appeal, Lucchino stated that he would not personally be affected by the action being appealed, and that the purpose of his appeal was not to stop the incidental removal of coal but to insure that the Department followed its own regulations; 2) As a township supervisor for Robinson Township, Lucchino voted to approve the very action that he later appealed to the Board; 3) At a meeting of the Township Board of Supervisors, Lucchino stated that as long as Luzerne obtained a conditional use permit from the Township, he did not care what type of permit Luzerne obtained from the Department; and 4) Lucchino resides approximately two miles from the proposed site of incidental coal removal; at this distance, Luzerne contends, it is unlikely that Lucchino could be affected by the coal removal.

Additionally, Luzerne refers to an affidavit executed by David Aloe, president of Luzerne and a related coal company, and attached as Exhibit A. to Luzerne's supplemental petition. In the affidavit, Aloe avers that at a meeting he had with Lucchino, the latter stated that initiating *pro se* litigation against Aloe's companies gave him satisfaction because he could litigate for free while it cost Aloe money to defend the actions. Lucchino denies having made the foregoing statements to Aloe and maintains that Luzerne's pursuit of attorney fees against him is retaliation for his numerous appeals against Aloe's companies.

■ Considering the dearth of precedent addressing the issue of what constitutes "bad faith" with respect to awarding attorney fees under either the SMCRA or the CSL, Administrative Law Judge Thomas W. Renwand properly turned to the legislative history underlying the relevant portions of these laws in determining whether Lucchino's appeal was brought in

---

4. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary findings of fact are not supported by substantial evidence. *Pennsylvania Department of Environmental Resources v. McDonald Land & Mining Company*, 664 A.2d 190 (Pa.Cmwlth.1995).

5. One of Lucchino's arguments was that Luzerne, in the interests of economy, should not have retained as expert and experienced an attorney as it did, which resulted in Luzerne's incurring significant legal fees, but instead should have hired a less skilled, less experienced, and ultimately a less costly attorney.

bad faith. As the EHB stated in *Alice Water Protection,* 1997 EHB at 845, "in the case of an appeal brought by a private individual or citizens' group, we believe that the intent of Section 4(b) of the Surface Mining Act and Section 307(b) of the Clean Streams Law is not to punish those who ultimately fail in their appeal, but to limit the award of costs and attorney fees to those cases where such an appeal is brought in bad faith."

In further examining the issue of bad faith as it relates to Lucchino's appeal, Judge Renwand appropriately analogizes the present matter to the bad faith standard applied by the Third Circuit Court of Appeals in *Quiroga v. Hasbro, Inc.,* 934 F.2d 497 (3d. Cir.1991), *cert. denied,* 502 U.S. 940, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991), in which the Court of Appeals affirmed the district court's decision that the plaintiff's claims were frivolous, lacking any basis in law or in fact, and that, therefore, attorney fees were warranted. Similarly, Judge Renwand cites, by way of analogy, *Lacy v. General Electric Co.,* 558 F.Supp. 277 (E.D.Pa.1982), *affirmed,* 786 F.2d 1147 (3d Cir.1986), wherein the district court awarded attorney fees after finding that four of plaintiff's six claims were frivolous, and that plaintiff was indeed overly litigious in targeting his employer with baseless claims.

■ Upon review, we find Lucchino's arguments without merit and the aforementioned cases highly relevant to the present scenario, which also evinces bad faith. The record supports the EHB's finding that Lucchino had no basis for his appeal, which he admitted was directed at Department personnel whom he accused of "passing their own legislation" and committing other violations that he compared to the conduct of Saddam Hussein. We therefore concur with the EHB's conclusion that, based upon Lucchino's own admissions and documented conduct, his appeal was not filed to challenge the action stated on the face of the appeal, but rather as an attack upon Department officials and, as such, was filed in bad faith.

Accordingly, the decision of the EHB is affirmed.

## *O R D E R*

AND NOW, this 12 th day of January 2000, the order of the Environmental Hearing Board in the above-captioned matter is affirmed.