809 A.2d 264

**George M. LUCCHINO, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Department of Environmental Protection, Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 6, 2000.

Decided Oct. 23, 2002.

Thomas Alan Linzey, Shippensburg, for George M. Lucchino.

Diana Stares, Pittsburgh, for Department of Protection.

Before FLAHERTY, C.J., ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR, JJ.

**OPINION**

Justice NEWMAN.

George M. Lucchino (Lucchino) appeals from a Commonwealth Court decision affirming an Order of the Environmental Hearing Board (EHB) directing him to pay costs and counsel fees to a permittee, Luzerne Land Corporation (Luzerne), in the amount of $6,987.50, pursuant to Section 4(b) of the Surface Mining Conservation and Reclamation Act

(SMCRA),[1] and Section 307(b) of The Clean Streams Law (CSL).[2] We affirm.

## FACTS AND PROCEDURAL HISTORY

In May of 1996, the EHB, acting under the authorization of the SMCRA and the CSL, approved an application submitted by Luzerne for a permit to remove coal incidental to construction activities at a site located in Robinson Township, Westmoreland County. Lucchino, as a township supervisor for Robinson Township, voted to approve Luzerne's application. Then Lucchino, as a private citizen, filed a *pro se* appeal with the EHB challenging the issuance of the permit. Luzerne filed a Motion to Dismiss the appeal, asserting that Lucchino lacked standing to bring the appeal because he had admitted that he was not directly affected by the proposed coal removal. The EHB granted the Motion to Dismiss filed by Luzerne on January 31, 1997.[3] Pursuant to Section 4(b) of the SMCRA and Section 307(b) of the CSL, Luzerne filed a Petition for Award of Costs and Attorney's Fees against Lucchino on March 14, 1997.

In 1990, the EHB established the following criteria for awarding costs and attorney's fees in *Kwalwasser v. Department of Environmental Resources*, 1988 WL 161059 (Pa. Env.Hrg.Bd.), *aff'd*, 131 Pa.Cmwlth. 77, 569 A.2d 422, 424 (Pa.Cmwlth.1990):(1) a final order must have been issued; (2) the applicant for the fees and expenses must be the prevailing party; (3) the applicant must have achieved some degree of success on the merits; and (4) the applicant must have made a substantial contribution to a full and final determination of the issues. The Commonwealth Court later reaffirmed the use of this test in *Big B. Mining Co. v. Department of Environmental Resources*, 155 Pa.Cmwlth. 16, 624 A.2d 713 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 535 Pa. 649, 633 A.2d 153 (Pa.1993). Subsequent to the filing of the initial Petition by Luzerne, the EHB, in *Alice Water Protection Ass'n v.*

1. Act of May 31, 1945, P.L. 1198, *as amended*, 52 P.S. § 1396.4(b).

2. Act of June 22, 1937, P.L.1987, *as amended*, 35 P.S. § 691.307(b).

3. 1997 WL 63308 (Pa.Env.Hrg.Bd.).

*Department of Environmental Protection,* 1997 WL 610299 (Pa.Env.Hrg.Bd.), modified its eligibility requirements for the award of costs and counsel fees. In addition to meeting the four-pronged test set forth in *Kwalwasser,* the EHB required a permittee seeking to recover costs and counsel fees from a third-party appellant to demonstrate that the appeal was brought in bad faith. Recognizing that Luzerne filed its Petition prior to the publication of the *Alice Water Protection* decision, the EHB, in its May 27, 1998 Opinion in the case *sub judice,*[4] permitted Luzerne to supplement its Petition specifically to address the bad faith issue. Luzerne filed a supplemental Petition and the EHB, by Order and Opinion dated October 16, 1998,[5] granted it, thereby directing Lucchino to pay costs and counsel fees to Luzerne in the amount of $6,987.50. Lucchino appealed the decision of the EHB to the Commonwealth Court.

In affirming the decision of the EHB, the Commonwealth Court focused solely on the issue of bad faith, and specifically, what constitutes bad faith. After acknowledging that the EHB "properly turned to the legislative history underlying the relevant portions of these laws in determining whether Lucchino's appeal was brought in bad faith[,]" the Commonwealth Court indicated that an appeal is filed in bad faith when it is frivolous and lacking any basis in law or in fact. *Lucchino v. Department of Environmental Protection,* 744 A.2d 352, 354–55 (Pa.Cmwlth.), *petition for allowance of appeal granted,* 565 Pa. 656, 771 A.2d 1291 (Pa.2000). The court concluded that "based upon Lucchino's own admissions and documented conduct, his appeal was not filed to challenge the action stated on the face of the appeal, but rather as an attack upon Department officials and, as such, was filed in bad faith." *Id.*

We granted allocatur to review the award of costs and counsel fees employed by the EHB, as affirmed by the Commonwealth Court.

4.  1998 WL 309105 (Pa.Env.Hrg.Bd.).

5.  1998 WL 749082 (Pa.Env.Hrg.Bd.).

282

### DISCUSSION

■ The general rule within this Commonwealth is that each side is responsible for the payment of its own costs and counsel fees absent bad faith or vexatious conduct. *Tunison v. Commonwealth,* 347 Pa. 76, 31 A.2d 521, 523 (1943) (citing *Steele v. Lineberger,* 72 Pa. 239, 1872 WL 11528 (1872)). *Accord, Department of Environmental Protection v. Bethenergy Mines, Inc.,* 563 Pa. 170, 758 A.2d 1168 (2000). This general rule has been modified by a variety of statutes that direct the award of costs and counsel fees to the prevailing party. Pennsylvania's Surface Mining Conservation and Reclamation Act and its Clean Streams Law are two such statutes. Each vests the EHB with discretion to award costs and counsel fees to the prevailing party in actions brought under certain specified sections of the acts.

For decades, the courts of this Commonwealth, including this Court, have upheld t he application of these statutes within numerous proceedings, particularly ones involving determinations of the existence or the absence of bad faith. One of the earliest such provisions, Section 1769 of the Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 3469, provides for an award of costs for a bad faith election contest. Although in the matter of *In re Contest of Election of Morganroth,* 346 Pa. 327, 29 A.2d 502 (1943), this Court affirmed the application of the statute, it declined to award costs because there was no specific finding of bad faith by the lower tribunal. *See also Appeal of Means,* 314 Pa. 425, 171 A. 896 (1934); *In re Petition of Pippy,* 711 A.2d 1048 (Pa. Cmwlth.1998). The Commonwealth Court affirmed an award of more than $46,000 in counsel fees for the collection of a $1,700 debt pursuant to Section 3315 of the Uniform Condominium Act, 68 Pa.C.S. § 3315, in *Mountain View Condominium Ass'n v. Bomersbach,* 734 A.2d 468 (Pa.Cmwlth.1999), *appeal dismissed as improvidently granted,* 564 Pa. 433, 768 A.2d 1104 (Pa.2001).

The General Assembly has authorized recovery of counsel fees and costs within the context of numerous remedial enactments. Among them are appeals to the EHB involving indus-

trial waste discharge;[6] suits to abate nuisances and restrain violations under the Air Pollution Control Act;[7] citizen suits filed pursuant to the Low–Level Radioactive Waste Disposal Act;[8] enforcement provisions of the Building Energy Conservation Act;[9] citizen suits under the Coal Refuse Disposal Control Act;[10] and costs and fees for litigation conducted pursuant to the Sewage Facilities Act[11] and the Pesticide Control Act.[12] Further, statutory awards of counsel fees and costs are seen in other types of litigation such as the Costs Act,[13] which authorizes awards in administrative proceedings where the Commonwealth has instituted an action; the Sunshine Act,[14] which authorizes an award for litigation instituted in bad faith; and, most notably, pursuant to the Workers' Compensation Act[15] for actions deemed an unreasonable contest. The award of costs occurs in both civil actions and criminal prosecutions, primarily in summary proceedings, and in suits initiated by governmental entities. Taxable costs are awarded to the prevailing party in a lawsuit where authorized by statute and cost only awards appear in such obscure statues as Section 11 of the White Pine Blister Rust Act,[16] which assesses costs in summary proceedings; to Section 924 of the Fish and Boat Code, 30 Pa.C.S. § 924 (assessing costs in violation proceedings); to the more frequently employed Section 109.1 of the Second Class County Code,[17] which man-

6.   Clean Streams Law, Act of June 22, 1937, P.L.1987, *as amended*, 35 P.S. § 691.307.

7.   Act of January 8, 1960, P.L. 2119, *as amended*, 35 P.S. § 4013.6(f).

8.   Act of February 9, 1988, P.L. 31, 35 P.S. § 7130.508(d).

9.   Act of December 15, 1980, P.L. 1203, *as amended*, 35 P.S. § 7201.315.

10.   Act of September 24, 1968, P.L. 1040, *as amended*, 52 P.S. 30.63.

11.   Act of January 24, 1966, P.L. (1965) 1535, *as amended*, 35 P.S. § 750.5(5)(b.2).

12.   Act of March 1, 1974, P.L. 90, *as amended*, 3 P.S. § 111.31

13.   Act of December 13, 1982, P.L. 1127, No. 257, *as amended*, 71 P.S. § 2033.

14.   65 Pa.C.S. § 714.1.

15.   65 Pa.C.S. § 714.1

16.   Act of April 24, 1933, P.L. 61, 3 P.S. § 225.

17.   Act of July 28, 1953, P.L. 723, *as amended*, 16 P.S. § 3109.1.

dates the addition of costs to any judgment obtained in a tax collection or municipal claims suit; and article VI, § 611 of the Public School Code,[18] which awards costs to a litigant who must petition a court for the enforcement of judgments against a school district. Not all fee-shifting statutes are the same and care is required in comparing such statutes, as the language or purpose of a particular fee-shifting provision will affect its construction and, hence, its application.

A number of statutes permit an award for enforcement of private rights granted in an enactment to promote public interests, particularly where there is a willful or intentional violation. *See, e.g.,* the Gasoline, Petroleum Products and Motor Vehicle Accessories Act, 73 P.S. § 202–6; and the Feature Motion Picture Fair Business Practices Law, 73 P.S. § 203–10. Moreover, Section 2 of the Judicial Code, provides for an assessment of taxable costs pursuant to 42 Pa.C.S. § 1706, except where there is an award of counsel fees pursuant to 42 Pa.C.S. § 2503.

■ We note that appellate review of an order of a tribunal awarding counsel fees to a litigant is limited solely to determining whether the tribunal palpably abused its discretion in making the fee award. *Thunberg v. Strause,* 545 Pa. 607, 682 A.2d 295 (1996).

## The Award of Costs and Counsel Fees

Prior to December 20, 2000,[19] but at all times relevant to the matter before us, Section 4(b) of the SMCRA provided the EHB with the authority to award costs and counsel fees in conjunction with the permitting process, and stated in pertinent part:

The Environmental Hearing Board, upon the request of any party, may in its discretion order the payment of costs and attorney's fees it determines to have been reasonably incurred by such party in proceedings pursuant to this section.

**18.** Act of March 10, 1949, P.L. 30, *as amended,* 24 P.s. § 6–611.

**19.** See discussion of Act 138 of 2000, *infra.*

52 P.S. § 1396.4(b). Section 307(b) of the CSL contains identical language except that it concludes with, "in proceedings pursuant to this act." 35 P.S. § 691.307(b).[20] For reasons of public policy, Pennsylvania courts have construed these statutory sections liberally "to justly compensate parties who have been obliged to incur necessary expenses in prosecuting lawful claims or in defending against unjust or unlawful ones." *Tunison*, 31 A.2d at 523; *Steele*.

Initially, we note that the language of Section 4(b) of SMCRA and Section 307(b) of the CSL clearly vests broad discretion in the EHB to award costs and counsel fees. In exercising its discretion in the matter *sub judice*, the EHB relied upon its decision in *Alice Water Protection, supra*, which incorporated provisions of the Federal Surface Mining Control and Reclamation Act (Federal Act), 30 U.S.C. §§ 1201 *et seq.* (1995), relative to an award of costs and fees. Such reliance was unnecessary and rendered more complicated a decision that could have been based on the language of the statute. Section 4(b) of the SMCRA and Section 307(b) of the CSL clearly provide statutory authority for an EHB grant of costs and counsel fees that is subject to appellate review for abuse of discretion.

In the instant matter, after noting that Lucchino had no basis for his appeal and was essentially using the appeal process to harass Luzerne and the Department, the EHB found that Lucchino's actions in filing his appeal fell within the meaning of "bad faith." Lucchino lacked standing because he was not even remotely affected by the Department permit he sought to challenge, but filed his appeal anyway merely to harass. He candidly admitted in his deposition that the permitted coal removal would not affect either him or his property, and that dust, noise or pollution from the removal operation would not reach him. He stated that his appeal was not directed at stopping the permitted coal removal, which he had voted in favor of in his capacity as a township supervisor,

**20.** Because Section 4 of the SMCRA and Section 307(b) of the CSL contain nearly identical language, we will refer only to Section 4 of the SMCRA in the text of this opinion.

but instead was directed at Department personnel, whom Lucchino accused of violating the law. Although the EHB recognized that a citizen has a right to challenge agency actions that conflict with the law and directly affect the citizen, it properly found that the appeal here was an abuse of the administrative adjudicatory system because it did not challenge the agency's action, but was merely an attack on agency employees and officials. Where, as here, the record supports a tribunal's finding of fact that the conduct of the party was dilatory, obdurate, vexatious, or in bad faith, this Court will not disturb an award of counsel fees in the absence of an abuse of discretion. *Township of South Strabane v. Piecknick*, 546 Pa. 551, 686 A.2d 1297 (1996) (Awarding counsel fees appropriate If record supports finding of fact that the conduct of the party was dilatory, obdurate, or vexatious).[21] We find no abuse of discretion in this instance and an award of counsel fees is appropriate.[22] We do not reach this decision lightly for, as Lucchino reminds us, any grant of attorney's fees against an individual litigant in a suit against his government, has a potential "chilling effect" on the willingness of the ordinary citizen to pursue resolution of his disputes in the courts. However, recognizing that we must strike a delicate balance, it is equally important that this phrase not be employed to defeat the protections against frivolous suits afforded to a defendant.

## Act 138 of 2000

■ Subsequent to our grant of allocatur, the General Assembly addressed the issue of the award of counsel fees,

21. In light of the enactment by the General Assembly of Act 138 of 2000, the explicit authorization for a grant of costs and counsel fees by the Surface Mining Conservation and Reclamation Act and the Clean Streams Law, and because it is unnecessary to the resolution of the matter before us, we decline to address the validity or invalidity of the *Big B Mining/Alice Water Protection* test as applied by the EHB and affirmed by the Commonwealth Court.

22. An appellate court may affirm an Order of the court below if the result reached is correct without regard to the grounds relied upon by that court. *Moorhead v. Crozer Chester Medical Center*, 564 Pa. 156, 765 A.2d 786, 787 (2001).

*inter alia,* in House Bill Number 393, entitled "Environmental Protection—Strategic Lawsuits Against Public Participation" (Act). 2000 Pa. Legis. Serv. Act 2000–138 (H.B.393). Act 2000–138, Act of December 20, 2000, P.L. 980, 27 P.S. §§ 7707–7708, amending Title 27 of the Pennsylvania Consolidated Statutes, *inter alia,* adds Chapter 77, "Costs and Fees" and Sections 7707 and 7708. Section 7708(c)(4)(ii) states in pertinent part:

Recipients of awards.—Appropriate costs and fees incurred for a proceeding concerning coal mining activities may be awarded:

(4) To a permittee from any party where the permittee demonstrates that the party, in bad faith and for the purpose of harassing or embarrassing the permittee:

  \*  \*  \*  \*  \*  \*

(ii) participated in such a proceeding in bad faith for the purpose of harassing or embarrassing the permittee.

27 Pa.C.S. § 7708(c). With this Act, the Legislature has defined the standard for the award of attorney's fees for the EHB. We, however, express no opinion as to the merits of this standard.[23] As we have frequently held, this standard may not be used in the instant matter, because it would entail a retroactive application of the statute. *Petrovick v. Department of Transportation, Bureau of Driver Licensing,* 559 Pa. 614, 741 A.2d 1264 (1999); *Commonwealth v. Shaffer,* 557 Pa. 453, 734 A.2d 840 (1999); *Morabito's Auto Sales v. Commonwealth,* 552 Pa. 291, 715 A.2d 384 (1998); *Krenzelak v. Krenzelak,* 503 Pa. 373, 469 A.2d 987 (1983). Section 1953 of the Statutory Construction Act, 1 Pa.C.S. § 1953, pertaining to the construction of amendatory statutes, provides that "new provisions shall be construed as effective only from the date when the amendment became effective." Here, Act 138 of

---

**23.** House Bill 393 explicitly revokes the fifth sentence of Section 4(b) of the SMCRA, 52 P.S. § 1396.4(b), which provided the EHB with the authority to award costs and attorney's fees, and revokes by implication the sentence from Section 307(b) of the CSL, 35 P.S. § 691.307(b), which mirrors the language of the fifth sentence of Section 4(b) of the SMCRA. They are replaced by the remedy provided in Section 7708. 27 Pa.C.S. §§ 7708(g) and 8305(a).

2000 was enacted on December 20, 2000, and section 7708 became effective on that date. Further, the Note following Section 7708 indicates that, "Section 3 of Act 2000–138 provides that the addition of this section shall apply to all proceedings and petitions for costs and fees *filed after* the effective date of this act." 27 Pa.C.S. § 7708, Note (emphasis added). Thus, Luzerne was unable to avail itself of these provisions.

## CONCLUSION

We affirm the Order of the Commonwealth Court that affirmed an award of counsel fees to Luzerne, albeit applying a different rationale. We reached this conclusion upon ascertaining that Section 4(b) of the Surface Mining Conservation and Reclamation Act and Section 307(b) of the Clean Streams Law confer upon the EHB by statute the discretion to grant the request of any party for costs and attorney's fees. The EHB and the Commonwealth Court correctly determined that Lucchino initiated this litigation in bad faith and, thus, the EHB did not abuse its discretion by awarding Luzerne costs and counsel fees. Accordingly, we affirm the Order of the Commonwealth Court, although on different grounds.

Former Chief Justice FLAHERTY did not participate in the decision of this case.

Justice SAYLOR concurs in the result.

Justice CAPPY files a dissenting opinion.

Justice CAPPY, Dissenting.

I respectfully dissent. Contrary to the majority opinion, I would find that the EHB properly looked to the provisions of the federal Surface Mining Control and Reclamation Act and regulations promulgated thereto to guide its discretion in awarding fees. It bears noting that the General Assembly has recently adopted similar guidelines. *See* 27 Pa.C.S. § 7708. As I believe that fees should not have been imposed in this instance, I would reverse the order of the Commonwealth Court.