J-A30025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ACERO PRECISION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JAMES BONELLI AND VISTEK MEDICAL, INC. | |
| APPEAL OF: JAMES BONELLI | No. 667 EDA 2015 |

Appeal from the Order Entered February 20, 2015
In the Court of Common Pleas of Chester County
Civil Division at No(s): NO. 2014-05245

BEFORE:  MUNDY, J., JENKINS, J., and FITZGERALD, J.[*]

MEMORANDUM BY JENKINS, J.:                **FILED DECEMBER 15, 2015**

James Bonelli appeals from the order of the Chester County Court of Common Pleas denying his request for attorney fees.  We reverse and remand to the trial court for further proceedings.

Bonelli worked for Acero Precision ("Acero").  While employed with Acero, Bonelli signed two agreements containing restrictive covenants, one in 2010 and one in 2014.  The 2014 agreement, which was less restrictive than the 2010 agreement,[1] contained the following attorney fees provision:

---

[*] Former Justice specially assigned to the Superior Court.

[1] The 2010 agreement provided that Bonelli would not compete with Acero within 100 miles of any Acero location for 2 years following his termination unless he had the "express prior written consent" of Acero.  Petition for
*(Footnote Continued Next Page)*

"Should the employer or employee file a claim and[/]or lawsuit, the losing party will pay the other parties' attorney's fees."  Answer with New Matter, at Exh. A, at Remedies and Reformation.

In April of 2014, Bonelli left his employment with Acero and began working for Vistek Medical Inc. ("Vistek"), a company in the same medical device industry as Acero.  Decision, 10/15/2014, at 2, ¶¶ 3-4, 8-9.  On June 5, 2014, Acero filed a complaint and preliminary injunction against Bonelli and Vistek.  The parties conducted expedited discovery and agreed the hearing on the petition for preliminary injunction would be a final hearing on the merits.

On October 15, 2014, the trial court entered judgment in favor of Bonelli and Vistek and against Acero.  The trial court found the 2014 agreement was enforceable and Bonelli did not breach that agreement when he accepted employment with Vistek.  Decision, 10/15/2014, at 12, ¶ 2.

The October 15, 2014 order entering judgment in favor of Bonelli said: "[p]ursuant to the 2014 [a]greement, reasonable attorney's fees are hereby awarded to [Bonelli] as the prevailing party, to be assessed against [Acero]."

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

Preliminary or Special Injunction Pursuant to Pa.R.C.P. No. 1531, at Exh. 3, ¶ 2 at Exh. 3 ¶ 3.

In contrast, the 2014 agreement provided Bonelli would not compete with Acero only if, after receiving a thirty-day written notice from Bonelli, Acero elected to continue to pay Bonelli following his termination.  Answer with New Matter, at Exh. A.

Order, 10/15/2014, at ¶ 4. Following the issuance of this order, Bonelli filed an initial fee petition. Bonelli attached to the petition two affidavits from his counsel and subsequently filed affidavits from two experts. An affidavit from Bonelli's counsel submitted in support of the fee petition included the following:

> 10. [Counsel] has undertaken the joint representation of both Mr. Bonelli and Defendant Vistek, whose legal interests did not materially differ.
>
> 11. No aspect of the defense of Vistek was materially distinguishable or varied from that of Mr. Bonelli.
>
> 12. No action was taken in the defense of Vistek that would not have also been taken for the defense of Mr. Bonelli.
>
> 13. The hourly rates and costs set forth in the attached monthly bills are the normal and customary rates charged by [counsel] and which represent the amount that has been charged for the defense of Mr. Bonelli in connection with the above-captioned action filed by Acero.

Defendant James Bonelli's Initial Submission Regarding Attorney's Frees Pursuant to the Court's October 15, 2014 Order at Exh. A, Declaration of John A. Guernsey, Esq. The submission also included the attorney fee bills, with the name of the client redacted. *Id.*, at Exh. B.

The trial court denied the request for attorney fees. In a footnote to the order, the court found:

> The governing contract provides: "Should the employer or employee file a claim and/or lawsuit, the losing party will pay the other parties' attorney's fees." The parties to the contract were [Acero] and [Bonelli], the losing and winning parties, respectively. There has been no demonstration that [Bonelli] had any attorneys' fees, however. Instead,

it is pretty obvious that in this case all attorneys' fees were billed to and paid by GEMCITY, the owner of Bonelli's new employer, [Vistek], a non-signatory to the agreement. Bonelli is not out-of-pocket and, the court infers, has no intention of incurring legal liability for the fees. No award is warranted under these circumstances.

Order, 1/21/2015, at n.1.

Bonelli filed a timely notice of appeal. Both he and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following claims on appeal:

I. Did the trial court err in not awarding [Bonelli] any attorney fees under the 2014 [a]greement when the plain and unambiguous language of the 2014 [a]greement contains no requirement that the attorney fees actually be paid by the prevailing party for an award of attorney fees?

II. Did the trial court err by exercising discretion not authorized by Pennsylvania law or the 2014 [a]greement to evaluate whether [Bonelli] had a right to fees he has not yet paid or were paid by another?

Appellant's Brief at 3. We will address Bonelli's issues together, as they are related.

Whether Bonelli is entitled to attorney fees pursuant to the fee provision contained the 2014 agreement is a question of law. Our standard of review is *de novo* and our scope of review is plenary. **McMullen v. Kutz**, 985 A.2d 769, 773 (Pa.Super.2009).

The following principles apply to interpreting terms of a contract:

In interpreting the language of a contract, we attempt to ascertain the intent of the parties and give it effect. When the words of an agreement are clear and unambiguous, the intent of the parties is to be ascertained from the

- 4 -

language used in the agreement, which will be given its commonly accepted and plain meaning.

*LJL Transp., Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 647 (Pa.2009) (internal citation omitted).

In Pennsylvania "[t]he general rule . . . is that each side is responsible for the payment of its own costs and counsel fees absent bad faith or vexatious conduct." *McMullen*, 985 A.2d at 775 (quoting *Lucchino v. Commonwealth,* 809 A.2d 264, 267 (Pa.2002)). "This so-called 'American Rule' holds true 'unless there is express statutory authorization, a clear agreement of the parties or some other established exception.'" *Id.* (quoting *Mosaica Academy Charter School v. Com. Dept. of Educ.,* 813 A.2d 813, 822 (Pa.2002)). In *McMullen*, the Supreme Court of Pennsylvania found a court may consider whether the fees claimed pursuant to a contractual fee-shifting provision are reasonable, even if the contract's fee provision contains no reasonableness requirement. 985 A.2d at 776. The provision at issue in *McMullen*, provided that the breaching party must pay the attorney fees "'incurred' by the non-breaching party." *Id.* at 775. The Court found that the "potential for abuse" was "too high" if it were to read the language to require payment of any and all fees incurred by the non-breaching party. *Id.* It reasoned "[i]f we were to forbid a reasonableness inquiry by a trial court, there would be no safety valve and courts would be required to award attorney fees even when such fees are clearly excessive." *Id.* at 776.

- 5 -

The fee-shifting provision contained in the contract signed by Bonelli and Acero provides: "Should the employer or employee file a claim or lawsuit, the losing party will pay the other parties' attorney's fees."

We find the trial court erred in finding Bonelli was not entitled to attorney fees. Bonelli established the attorney fees were incurred in defense of the claim brought against him by Acero and that he was the prevailing party.  The contract provision contains no requirement that the fees be paid by, or billed to, Bonelli.  Further, unlike unreasonableness, there is no such requirement implied in the contract.  **See Creeks v. Creeks**, 619 A.2d 754, 756 (Pa.Super.1993) ("The court must construe the contract only as written and may not modify the plain meaning of the words under the guise of interpretation.").  As the non-prevailing party, Acero is liable pursuant to the contract for Bonelli's reasonable attorney fees accrued in defense of the claim Acero filed against Bonelli.

Order reversed.  Case remanded for proceedings consistent with this opinion.  Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/15/2015