J-A01033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHELLE BRAUN, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| WAL-MART STORES, INC., A DELAWARE CORPORATION, AND SAM'S CLUB, AN OPERATING SEGMENT OF WAL-MART STORES, INC. | : : : : : : : | No. 3361 EDA 2016 |
| Appellants | : : : | |
| ---------------------------------------- ---------------------------------------- ------------------------------- DOLORES HUMMEL, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED | : : : : : : : | |
| v. | : : : : : | |
| WAL-MART STORES, INC., A DELAWARE CORPORATION, AND SAM'S CLUB, AN OPERATING SEGMENT OF WAL-MART STORES, INC. | : : : : : : : | |
| Appellants | : | |

Appeal from the Judgment Entered November 14, 2007
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  August Term, 2004, No. 3757,
March Term, 2002, No. 3127

| | | |
|---|---|---|
| MICHELLE BRAUN, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |

J-A01033-18

 

                          :
                          :
                          :

|  |  |
|---|---|
| v. | : |
|  | :    No. 3633 EDA 2016 |
|  | : |
| WAL-MART STORES, INC., A DELAWARE CORPORATION AND SAM'S CLUB, AN OPERATING SEGMENT OF WAL-MART STORES, INC. ---------------------------------- ------------------------------------------ ----------- DOLORES HUMMEL, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED | : : : : : : : : : : |
| Appellant | : : |
|  | : |
| v. | : : |
|  | : |
| WAL-MART STORES, INC., A DELAWARE CORPORATION, AND SAM'S CLUB, AN OPERATING SEGMENT OF WAL-MART STORES, INC. | : : : : : |

Appeal from the Order Entered September 29, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 3127 March Term, 2002,
No. 3757 August Term, 2004

BEFORE:   LAZARUS, J., OTT, J., and PLATT\*, J.

MEMORANDUM BY OTT, J.:                            **FILED APRIL 27, 2018**

These cases are consolidated appeals from the judgment and order

entered in the Court of Common Pleas of Philadelphia County that awarded

_____

\* Retired Senior Judge assigned to the Superior Court.

- 2 -

attorneys' fees in this class action lawsuit. That order was a product of a 2011 remand ordered by a prior panel of our Court. That remand directed the trial court to explain its reasoning in awarding both the lodestar[1] and a 3.7 contingency multiplier. *See Braun v. Wal-Mart*, 24 A.3d 875 (Pa. Super. 2011). In this timely appeal, Plaintiffs' Class Counsel (Class Counsel) argues the trial court erred in failing to apply a 33% contingency fee rather than the lodestar method.[2] Wal-Mart raises two issues. First, it claims Class Counsel's argument regarding use of a contingency award was not before the trial court on remand, and is therefore waived. Second, it argues that the trial court failed to explain its reasoning in applying a 3.7 contingency multiplier, and that no multiplier is required under the facts of the case. After a thorough review of the certified record, relevant law and the submissions by the parties, we agree with Wal-Mart that Class Counsel is not entitled to a contingency fee. We also agree with Wal-Mart that the trial court did not follow the instructions issued on remand, and failed to explain its reasoning for applying a 3.7 contingency multiplier. Accordingly, we reverse the award of counsel

---

[1] "A "lodestar" is "the product of reasonable hours times a reasonable rate." *City of Burlington v. Dague*, 505 U.S. 557, 559, 112 S.Ct. 2638, 2640, 120 L.Ed.2d 449, 454-55 (1992) (citation omitted)." *Braun v. Wal-Mart*, 24 A.3d at 975.

[2] In its statement of questions involved, Class Counsel also claimed the trial court erred in applying historic fee rates to calculate the lodestar rather than 2016 fee rates. However, this issue was not argued or otherwise developed in the brief and so is waived.

fees and remand for a detailed explanation regarding the application of the contingency multiplier.

Before we begin our analysis, we relate our standard of review for an award of counsel fees. "We note that appellate review of an order of a tribunal awarding counsel fees to a litigant is limited solely to determining whether the tribunal palpably abused its discretion in making the fee award." *Lucchino v. Commonwealth*, 809 A.2d 264, 268-69 (Pa. 2002) (citation omitted).

The instructions from this Court upon remand were as follows:

Upon remand, the court should explain thoroughly its rationale in approving the lodestar, including the factors set forth by Pa.R.C.P. 1716[3] and the *Logan* Court. *See* Pa.R.C.P. 1716; Logan, 704 A.2d at 674. We note, however, that in reviewing the court's opinion, we also find its justifications for applying a multiplier insufficient, particularly in light of its application of a 3.7 multiplier, compared to the Third Circuit's prediction that 1.5 would be the outer limit of acceptable multipliers in this Commonwealth. *See Polselli*, 126 F.3d at 536. Accordingly, if the court concludes an enhancement is warranted, then the court shall discuss comprehensively the factors it finds would justify an enhancement. *See, e.g., Krebs*, 893 A.2d at 790; *Birth Ctr.*, 727 A.2d at 1161; *Logan*, 704 A.2d at 674; *see also Delaware Valley*, 478 U.S. at 568, 106 S.Ct. at 3099, 92 L.Ed.2d at 458 (noting, *inter alia,* that "absence of detailed findings" warranted reversal of fee enhancement for superior performance).

*Braun v. Wal-Mart*, 24 A.3d at 981.

Class Counsel argues that the trial court erred in denying their request for a 33% contingency fee rather than a fee award based upon a lodestar

---

[3] Now Pa.R.C.P. 1717.

calculation. We agree with Wal-Mart that this issue was not encompassed in the remand.

> "It is well-settled that a trial court must strictly comply with the mandate of the appellate court." **Nigro v. Remington Arms Co., Inc.**, 432 Pa. Super. 60, 637 A.2d 983, 988 (1993), **abrogated on other grounds**, **Aldridge v. Edmunds**, 561 Pa. 323, 750 A.2d 292 (2000); **see also Gocek v. Gocek**, 417 Pa.Super. 406, 612 A.2d 1004, 1009 n. 7 (1992) (stating "on remand, the scope of inquiry should not exceed the perimeters set forth herein").

**Agostinelli v. Edwards**, 98 A.3d 695, 706 (Pa. Super. 2014).

Furthermore, in its most recent Pa.R.A.P. 1925(a) Opinion, the trial court noted, "In its initial sworn affidavits the Plaintiffs opted for a lodestar rather than a percentage of the recovery. This Court will not reconsider the method of fee allocation." Trial Court Opinion, 9/22/2016 at 7 n. 5. Even if we considered Class Counsels' question, we cannot ignore the fact that the trial court determined it was Class Counsels' original choice to seek lodestar remuneration, not contingency. Accordingly, Class Counsel is not entitled to relief on this issue.

In its cross-appeal, Wal-Mart argues the trial court erred in applying a multiplier to the lodestar and that the trial court failed, upon remand, to follow the instructions of the prior panel. We agree. Therefore, we have no basis upon which we can properly analyze the trial court's fee award. Accordingly, we must vacate the award as it regards the application of the contingency multiplier and remand for further action.

Relevant to this appeal, upon prior remand, the trial court was instructed to provide a thorough explanation of its decision to employ a contingency multiplier. Additionally, the trial court was instructed to provide a thorough explanation of the amount of the any multiplier applied, in light of the federal appellate court's prediction in **Polselli v. Nationwide Mut. Fire Ins. Co.**, 126 F.3d 524 (3d Cir. 1997), that the Pennsylvania Supreme Court would approve a 1.5 contingency multiplier as an outer limit.

We understand that Class Counsel believes **Polselli** is irrelevant as **Polselli** addresses bad faith litigation, not a class action lawsuit. However, the prior panel of our Court determined that the reasoning found in **Polselli** most closely approximated the situation herein. Accordingly, the trial court was obligated to follow that instruction. Unfortunately, the trial court reimposed the 3.7 contingency multiplier without adequately explaining its reasoning for doing so.

The instructions from this Court upon remand were as follows:

Upon remand, the court should explain thoroughly its rationale in approving the lodestar, including the factors set forth by Pa.R.C.P. 1716[4] and the **Logan** Court. **See** Pa.R.C.P. 1716; **Logan** [**v. Marks**] 704 A.2d [671] at 674 [(Pa. Super. 1997)]. We note, however, that in reviewing the court's opinion, we also find its justifications for applying a multiplier insufficient, particularly in light of its application of a 3.7 multiplier, compared to the Third Circuit's prediction that 1.5 would be the outer limit of acceptable multipliers in this Commonwealth. **See Polselli** [**v. Nationwide**

---

[4] Now Pa.R.C.P. 1717.

> *Mut. Fire Ins. Co.*], 126 F.3d [524] at 536 [(3d Cir. 1997)].
> Accordingly, if the court concludes an enhancement is warranted,
> then the court shall discuss comprehensively the factors it finds
> would justify an enhancement. *See, e.g., Krebs* [*v. United
> Ref.Co. of Pa.*], 893 A.2d [776] at 790 [(Pa. Super. 2006)]; *Birth
> Ctr.* [*v. St. Paul Cos.*], 727 A.2d [1144] at 1161 [(Pa. Super.
> 1999)]; *Logan* [*v. Marks*], 704 A.2d [671] at 674 [(Pa. Super.
> 1997)]; *see also* [*Pennsylvania v.*] *Delaware Valley*
> [*Citizens' Council of Clean Air*], 478 U.S. [546] at 568, 106
> S.Ct. [3088] at 3099, 92 L.Ed.2d [439] at 458 (noting, *inter alia,*
> that "absence of detailed findings" warranted reversal of fee
> enhancement for superior performance). In considering whether
> to apply an enhancement, the court should not reconsider factors
> "subsumed in the lodestar amount[, *e.g.,*]" "a difficult case
> [requiring] a high number of hours dedicated to research or
> discovery [or] the skills of someone who ordinarily bills at a high
> hourly rate." *Polselli*, 126 F.3d at 535; *Birth Ctr.*, 727 A.2d at
> 1161. The court may wish to apply a second method of calculation
> as a cross-check. *See In re GM Truck*, 55 F.3d [768] at 820 [(3d
> Cir. 1995)].

*Braun*, 24 A.3d at 981.

Expanding on the above, we highlight certain relevant factors iterated

in this Court's prior decision.

> [A] difficult case may require a high number of hours dedicated to
> research or discovery.  Or, it might require the skills of someone
> who ordinarily bills at a high hourly rate.  Both of these factors
> are considered in the lodestar amount, that they should **not** be
> reconsidered in enhancing the lodestar.
>
> &#42;&#42;&#42;
>
> Thus, when a trial court is faced with a request to enhance a fee
> based on contingent risk arising from the magnitude, complexity
> and uniqueness of the litigation, the court should exercise caution
> so as **not** to skew the calculation of a reasonable rate by **double
> counting.** For example, if the complexity of a case is reflected in
> the high number of hours researching the complex issues or in the

relatively high regular hourly rate of the attorney, complexity does not justify a contingency enhancement.

The court should also consider whether the attorney was able to mitigate the risk of nonpayment. For example, an attorney who has entered into a contingency-fee contract in a suit seeking substantial damages has significantly mitigated the contingent risk; in exchange for accepting the risk of nonpayment,[5] the attorney obtains the prospect of compensation under the agreement substantially in excess of the lodestar amount. Likewise, "attorneys who are paid a portion of their reasonable hourly fee irrespective of result have partially mitigated the risk of nonpayment." **Rendine v. Pantzer**, 141 N.J. 292, 661 A.2d 1202, 1229 (1995).

We emphasize that the determination of a reasonable fee is an inherently case-specific endeavor. Just as every case is unique, so too are the particularized risks faced by attorneys accepting contingency-fee cases. We are therefore reluctant to provide courts with a specific list of factors to consider in determining whether and to what extent a contingency enhancement is appropriate in any given case. When applying Rule 1716, courts must consider whether the receipt of a fee was contingent on success. Courts must **not,** however, deviate from their ultimate responsibility—the calculation of a "reasonable" fee. To the extent that the factors creating a contingent risk in a particular case are mitigated or are already taken into account when calculating the lodestar amount, a contingency enhancement is **not** "reasonable" and should not be applied.

*Id*. at 977-78 (emphasis in original).

---

[5] Regarding the risk of non-payment – the trial court in this case cited **In re Rite Aid Corp. Sec. Litig.**, 146 F.Supp. 706, 736 n. 44 (E.D.Pa. 2001) stating multipliers between 4.5 to 8.5 were acceptable. However, this case is not persuasive. Federal fee awards are governed by statute while Pennsylvania cases are not. **See Braun**, 24 A.3d at 977, quoting **Polselli**. Further, there was a specific risk in **Rite Aid** of non-payment, considering the finances of both Rite Aid and the natural persons determined to have been liable. There is no similar concern of financial instability that we are aware of involving Wal-Mart.

Simply put, the trial court must explain its actions and decision making process. Regarding the application of a multiplier, the trial court is to consider the factors mentioned above, including those found in Rule 1717. Additionally, the trial court is directed to consider the application of a contingency multiplier in light of the *Polselli* decision. While we regret the inevitable delay this second remand produces, without the proper and thorough explanation, we cannot provide a reasoned analysis of the issues.

Judgment reversed. This matter is remanded for action consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/18