J-S56016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DISCOVER BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEL-LEE RYAN, | : | |
| | : | |
| Appellant. | : | No. 667 MDA 2018 |

Appeal from the Order Entered March 26, 2018
in the Court of Common Pleas of Berks County,
Civil Division at No(s): 16-05676.

BEFORE:     GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED FEBRUARY 08, 2019**

Kel-lee Ryan appeals from an order that denied her request to enforce an alleged settlement agreement, and, more importantly, directed her to pay $500 in attorneys' fees to Discover Bank. The court of common pleas entered that order, because it believed her motion to enforce a settlement agreement was frivolous. Only the imposition of counsel fees is presently before us. For the reasons below, we will vacate the part of the order awarding counsel fees.

This case began in 2016 when Discover Bank filed suit seeking breach of contract damages against Ms. Ryan for her unpaid, credit-card debt. The court entered a non-jury award in favor of Discover Bank, and against Ms. Ryan in the amount of $17,092.86. Ms. Ryan appealed the judgment against her. While the appeal was pending, however, she discontinued it on March

15, 2018. She did so because she believed the parties had reached a settlement of the underlying matter.

On March 7, 2018, she filed an Emergency Motion with the trial court to enforce the settlement agreement. After argument on the motion, the court denied it. The court concluded that Ms. Ryan attempted to amend the proposed settlement agreement in three respects, but Discover agreed to only one modification. Therefore, the parties did not reach a final agreement. The court further denied Ms. Ryan's request for counsel fees. Instead, it ordered Ms. Ryan to pay counsel fees to Discover based on Ms. Ryan's frivolous motion. Trial Court Opinion, 5/22/18, at 3. Ms. Ryan appealed that order.

In this second appeal, Ms. Ryan raises four issues, which all essentially allege one error, namely whether the trial court abused its discretion when it ordered Ms. Ryan to pay $500 in counsel fees to Discover.[1] **See** Ryan's Brief at 4-5.

"[A]ppellate review of an order of a tribunal awarding counsel fees to a litigant is limited solely to determining whether the tribunal palpably abused its discretion in making the fee award." **Lucchino v. Commonwealth, Department of Environmental Protection**, 809 A.2d 264, 268–269 (Pa. 2002). If "the record supports a tribunal's finding of fact that the conduct of the party was dilatory, obdurate, vexatious, or in bad faith, this Court will not disturb an award of counsel fees in the absence of an abuse of discretion."

---

[1] Discover filed no appellee brief.

*Id.* at 269–270.  An abuse of discretion is not merely an error of judgment.

It occurs only when the trial court has "overridden or misapplied" the law, "or

the judgment exercised is manifestly unreasonable, or the result of partiality,

prejudice, bias or ill-will . . . ."  ***Commonwealth v. Crispell***, 193 A.3d 919,

939 (Pa. 2018).

To determine whether the trial court abused its discretion in imposing

counsel fees upon Ms. Ryan, we examine the rationale for its decision.  First,

we note that the trial court strongly believed there was no settlement

agreement between the parties.  The court explained:

> It is a basic principle of contract law that an acceptance
> must be unconditional and absolute.  ***Temple University
> v. Healthcare Management***, 764 A.2d 587 (Pa. Super.
> 2000).  According to [Ms. Ryan's] own allegations, the
> parties engaged in negotiations for a settlement.  [Discover]
> made a huge concession by agreeing to reduce the
> judgment of the verdict from over $17,000.00 to
> $10,500.00.  [Ms. Ryan] agreed to withdraw her appeal in
> exchange for the smaller obligation.  That was the extent of
> any agreement.  [Discover] made an offer incorporating
> those terms in the Agreement, which [Ms. Ryan] refused to
> sign unless three modifications occurred.  [Discover] agreed
> to only one of those amendments.  It then informed [Ms.
> Ryan] that it would withdraw its offer if [she] did not agree
> to the remaining terms.  [Ms. Ryan] did not agree.  Both
> parties had to believe that the changes [Ms. Ryan]
> requested were material.  [Ms. Ryan] did not agree to them,
> and [Discover] refused to sign Agreement unless they were
> included.  A reply to an offer which purports to accept the
> offer, but instead changes the terms of the offer, is not an
> acceptance, but, rather, is a counteroffer, which has the
> effect of terminating the offer.  An acceptance of an offer or
> counteroffer must be unconditional and absolute.
> ***Epenshade v. Epenshade***, 729 A.2d 1239 (Pa. Super.
> 1999).  Thus, there was no agreement in the case *sub
> judice*.  [Ms. Ryan] never unconditionally accepted

> [Discover's] offer but terminated it by making a counteroffer which [Discover] only partially accepted.

Trial Court Opinion, 5/22/18, at 5-6.

After concluding that the parties did not reach a settlement in this matter, the court further found that Ms. Ryan's motion to enforce the settlement was entirely frivolous. The court observed:

> . . . It was a frivolous petition, because there was no agreement between the parties to enforce. Simply stating that the parties had entered into an agreement does not make an agreement. [Discover] withdrew any offer following [Ms. Ryan's] refusal to sign the agreement without the modifications. [Discover] did not agree to [Ms. Ryan's] counteroffer. Thus, there was no agreement and no meeting of the minds. [Ms. Ryan] even admitted in her petition and Concise Statement that the parties did not agree to all the terms of the written settlement agreement. Thus, there was no unconditional acceptance and nothing for this court to enforce.

*Id.* at 6. Thus, it believed the award of counsel fees against Ms. Ryan was justified.

The court's opinion, however, does not state the legal authority upon which it entered the award of counsel fees. Based on the court's calling Ms. Ryan's petition "frivolous," we presume the court believed it was authorized to impose counsel fees under Pennsylvania Rule of Civil Procedure 1023. Alternatively, courts also have authority to impose counsel fees under section 2503(7) of the Judicial Code. As we will discuss, the court did not properly apply either of these laws.

- 4 -

This Court has previously held that under Pennsylvania Rules of Civil Procedure 1023.1, 1023.3, and 1023.4: (1) a court may *sua sponte* impose sanctions against a party only if it, *inter alia,* first directs that party to show cause why sanctions are not merited; and (2) in the absence of any motion for sanctions, a court that imposes sanctions on its own initiative may only impose a penalty to be paid into court or directives of a nonmonetary nature, and may not award payment to the other party. **Lowe v. Lowe**, 110 A.3d 211, 212 (Pa. Super. 2015).

Here, the Court did not follow either of these mandates. First, it failed to impose a rule to show cause why it should not impose the sanctions and conducted no hearing on the issue. Additionally, because Discover did not file a motion seeking sanctions under this Rule, and the Court acted *sua sponte*, the Court inappropriately awarded the fees to Discover, instead of directing that the penalty be paid into court. Because the trial court misapplied Rule 1023, its award of counsel fees on this basis cannot stand.

Similarly, the record does not support an order of counsel fees under the Judicial Code. Generally, the law allows a judge to impose attorneys' fees as a sanction against a party for its "dilatory, obdurate or vexatious conduct during the pendency of a matter." 42 Pa.C.S.A. § 2503(7). Here, the trial court made no such finding. In the absence of such a finding, the trial court's order of counsel fees on this basis also cannot stand.

In sum, because the trial court misapplied the law when it ordered Ms. Ryan to pay $500 in counsel fees to Discover, it abused its discretion. Therefore, we must vacate that portion of the court's March 26, 2018 order.

Order vacated in part.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/08/2019