J.A19040/14

2015 PA Super 35

| | | |
|---|---|---|
| DINA LOWE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DONALD LOWE, | : | |
| | : | |
| Appellant | : | No. 1834 WDA 2013 |

Appeal from the Order October 30, 2013
In the Court of Common Pleas of Allegheny County
Civil Division No(s).: FD07-005261-008

BEFORE: BENDER, P.J.E., OLSON, and FITZGERALD,[*] JJ.

OPINION BY FITZGERALD, J.:                    **FILED FEBRUARY 17, 2015**

In this child custody matter, Appellant, Donald Lowe ("Husband"), appeals from the order entered in the Allegheny County Court of Common Pleas directing him to pay $500 in counsel fees to *pro se* Appellee, Dina Lowe ("Wife").[1] We hold that under Pennsylvania Rules of Civil Procedure 1023.1, 1023.3, and 1023.4: (1) a court may *sua sponte* impose sanctions against a party only if it, *inter alia*, first directs that party to show cause why sanctions are not merited; and (2) in the absence of any motion for sanctions, a court that imposes sanctions on its own initiative may only impose a penalty to be paid into court or directives of a nonmonetary

---

[*] Former Justice specially assigned to the Superior Court.

[1] Wife did not file a brief in this appeal.

nature, and may not award payment to the other party. We vacate and remand for further proceedings.

The trial court summarized:

> The underlying case between these parties commenced in October 2007, with the filing of a complaint in support by [Wife]. Since 2012, Wife has proceeded *pro se*. Husband is represented by local attorney Max Feldman[, Esq.[2]] On September 19, 2013, the Divorce Decree was entered but the parties have continued with custody litigation.
>
> Feldman, on behalf of Husband, served Wife with a motion which would be presented on October 30, 2013 to request continuance of an upcoming hearing.[3] Attorney Feldman was also to appear before me to contest another motion that same day, scheduled by [another attorney]. At some point that morning, [A]ttorney Feldman called my chambers and told a staff member that [the other attorney] informed him he was unable to come to court and therefore, Feldman was "pulling" both motions.
>
> At the end of Motions Court[ ], my tipstaff noticed Wife in the courtroom. Wife stated that she did not have notice of [Husband's] motion being "pulled", that she had driven from her home in another county to contest the motion and, to do so, she had to miss a day's work. She further stated that this was not the first time she had been inconvenienced by [A]ttorney Feldman, and missed work previously, only to have motions "pulled". She stated she feared losing her job due to missed work. I found Wife credible.

---

[2] Attorney Feldman continues to represent Husband in this appeal.

[3] Although the trial court opinion does not elaborate on this motion, we note the certified record and trial docket reflect that on September 20, 2013, Husband filed a motion for shared custody of the parties' child. The record also includes an order, filed the same day, scheduling a hearing for November 14th. The next filing in the record, however, is the instant, October 31st order directing Husband to pay attorneys' fees to Wife.

Trial Ct. Op., 1/14/14, at 2-3.

On the same day, the trial court entered the order that is the subject of this appeal. The order directed Husband to pay "[c]ounsel fees of $500 w/in 10 days [to Wife] for failure to properly notify her of the pulled motions." Order, 10/31/13. The order also stated, "Future continuances or requests to pull motions should be handled by actual service to" Wife. *Id.*

"Attorney Feldman filed a 'Motion for Reconsideration' to be presented November 6, 2013[.]" Trial Ct. Op. at 3. The court stated that Attorney Feldman, however, did not appear for the hearing and "[i]nstead, he sent another attorney to present it, despite the fact that he was in the building and, in fact, looked into my courtroom from the hallway." *Id.* The court found Attorney Feldman's failure to appear "precluded [it] from questioning him regarding Wife's claims [and] judging his credibility," and thus denied the motion for reconsideration. *Id.* This timely appeal followed.

In its opinion, the trial court stated the following. It found Wife credible when she stated she incurred costs by missing work and that the October 30, 2013, hearing "was not an isolated incident." Trial Ct. Op. at 6. The court "also found [A]ttorney Feldman's position highly suspect, as he failed to come into court to defend his actions." *Id.* It thus intended to "impose[ ] a sanction on Husband's counsel, not Husband," "deter any further such behavior," and, "although actual **counsel** fees were not incurred," "to compensate Wife for the distress[,] inconvenience and costs

caused by [Attorney Feldman's] disregard of her time and circumstance." *Id.* at 4, 5, 6. The court acknowledged that attorneys' fees are customarily "awarded to a party as compensation for actual counsel fees incurred as a result of the other party's dilatory or vexatious conduct." *Id.* at 4. It then reasoned, "Had I, instead, simply sanctioned [A]ttorney Feldman and not used the words 'attorney fees', Wife's *pro se* status would not be an issue, only the appropriateness of the sanction itself." *Id.* Thus, the court concluded, "[t]he problem is one of semantics, not discretion." *Id.* at 6.

On appeal, Husband avers the trial court erred in awarding attorneys' fees to Wife. In support, he argues that attorneys' fees under 42 Pa.C.S. § 2503(7) may not be awarded to a *pro se* litigant, and that the court's characterization of its order as an "unfortunate choice of words" was an improper attempt to modify the order. Husband's Brief at 7, 9. Husband further maintains he did not engage in any outrageous behavior or fail to comply with court orders. Furthermore, Husband avers that "a claim under 42 Pa.C.S. § 2503(7) generally requires an evidentiary hearing, except where the facts are undisputed," and that if this Court "determines that the existing record is not . . . clear and undisputed, then the matter should be remanded . . . for an evidentiary hearing." *Id.* at 13-14.

We consider the statute governing attorneys' fees. Sub-section 2503(7) of the Judicial Code provides: "The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the

matter: . . . (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." 42 Pa.C.S. § 2503(7). Our Commonwealth Court has stated, "[A]n award for counsel fees under Section 2503 is meant to compensate the innocent litigant for costs caused by the actions of the opposing party. Therefore, we held Section 2503 does not authorize 'an award of a pro se equivalent of counsel fees to a *pro se* litigant.'"[4] *Maurice A. Nernberg & Assocs. v. Coyne*, 920 A.2d 967, 972 (Pa. Cmwlth. 2007) (citations omitted).

The Pennsylvania Rules of Civil Procedure govern sanctions. We first consider Rule 1023.1(c), which provides in pertinent part that the "signing, filing, submitting or later advocating [of] a document, the attorney or *pro se* party certifies that, to the best of [his] knowledge, information, and belief" that the document "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Pa.R.C.P. 1023.1(c). Subsection (d) of that rule provides,

> If, **after notice and a reasonable opportunity to respond**, the court determines that subdivision (c) has been violated, the court may, subject to the conditions stated in Rules 1023.2 through 1023.4, impose an appropriate sanction upon any attorneys, law firms and

---

[4] "Although decisions of the Commonwealth Court are not binding on this Court, we may rely on them if we are persuaded by their reasoning." *Charlie v. Erie Ins. Exch.*, 100 A.3d 244, 253 n.9 (Pa. Super. 2014) (citation omitted).

parties that have violated subdivision (c) or are responsible for the violation.

Pa.R.C.P. 1023.1(d) (emphasis added).

Rule 1023.2, in turn, governs motions for sanctions for conduct alleged to violate Rule 1023.1(c). Pa.R.C.P. 1023.2. Rule 1023.3 allows the court to *sua sponte* broach the issue of sanctions as follows: "On its own initiative, the court may enter an order describing the specific conduct that appears to violate Rule 1023.1(c) **and directing an attorney**, law firm or party **to show cause** why it has not violated Rule 1023.1(c) with respect thereto." Pa.R.C.P. 1023.3 (emphasis added). Finally, Rule 1023.4, entitled "Sanctions" sets forth the following:

> (a)(1) A sanction imposed for violation of Rule 1023.1 shall be limited to that which is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.
>
> (2) Subject to the limitations in subdivision (b), the sanction may consist of, or include,
>
> (i) directives of a nonmonetary nature, including the striking of the offensive litigation document or portion of the litigation document,
>
> (ii) an order to pay a penalty into court, or,
>
> (iii) **if imposed on motion** and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

\* \* \*

[(b)](2) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(c) When imposing sanctions, the court shall describe the conduct determined to be a violation of Rule 1023.1 and explain the basis for the sanction imposed.

Pa.R.C.P. 1023.4(a)(1)-(2), (b)(2), (c) (emphases added).

After considering the trial court's reasons for directing Attorney Feldman to pay Wife $500, we accept the court's statement that its labeling the payment as "attorneys' fees" was a mis-characterization.[5] **See** Trial Ct. Op. at 3, 6. We further note the following. The record contains no motion for sanctions filed by Wife and the trial court did not indicate she made an oral motion.[6] Although the court could *sua sponte* "enter an order describing the specific conduct that appears to violate Rule 1023.1(c)," it was required to direct Attorney Feldman to show cause why he did not

---

[5] We reject Husband's contention that the trial court improperly attempted to amend its order and that it "is stuck with its order and may not escape review of the order by calling essential language of the order mere 'semantics.'" **See** Husband's Brief at 9. "[A] trial court's Rule 1925(a) opinion 'is intended as an aid to the reviewing appellate court and cannot alter a previously entered verdict.'" **Youst v. Keck's Food Serv.**, 94 A.3d 1057, 1075 n.14 (Pa. Super. 2014) (citation omitted). A trial court is not bound to argue only favorably in support of its rulings and may, as in the instant case, acknowledge when it has made an error but nevertheless explain its rationale or other pertinent information.

[6] "Proceedings in Motions Court are not conducted on the record," Trial Ct. Op. at 3 n.1, and thus there is no transcript for this Court to review to determine if Wife made an oral motion.

violate that rule.   **See** Pa.R.C.P. 1023.3, 1023.4(b)(2).   Furthermore, had the court issued the rule to show cause, without any motion by Wife it could only direct Attorney Feldman "to pay a penalty into court" or issue "directives of a nonmonetary nature."   **See** Pa.R.C.P. 1023.4(a)(2)(i)-(ii). Pursuant to the plain language of Rule 1023.4(a)(2)(iii), the court could only direct payment to Wife if she had filed a motion.   **See** Pa.R.C.P. 1023.4(a)(2)(iii).

In light of the foregoing, we remand for the court to enter an order, pursuant to Rule 1023.3, "describing the specific conduct that appears to violate Rule 1023.1(c) and directing [Attorney Feldman] to show cause why [he] has not violated" that rule.   **See** Pa.R.C.P. 1023.3.   Wife may file a motion for sanctions pursuant to Rule 1023.2.   **See** Pa.R.C.P. 1023.2.   If Wife does not file a motion, the court may only impose the sanctions provided at Rule 1023.4(a)(2)(i) and (ii).   If Wife files a proper[7] motion for sanctions, the court may proceed under Rule 1023.4(a)(2)(iii).

Finally, the court may again note in any order that Attorney Feldman is to provide "actual service" to Wife of any "[f]uture continuances or requests to pull motions."   **See** Order, 10/31/13.   We reject Husband's claim on appeal that "[t]he only way to notify a *pro se* litigant of a change in presenting a motion, something that happens on a regular basis and is easily

---

[7] Rule 1023.2 sets forth the procedures under which a motion for sanctions must be filed.  Pa.R.C.P. 1023.2.

coordinated between attorneys with offices and staff, was to call her on her cell phone." *See* Husband's Brief at 5. We remind Attorney Feldman of Rule of Civil Procedure 1915.3-1:

> **(a) Withdrawal of Pleading.** A custody pleading cannot be withdrawn after the issuance of a scheduling order or notice of conference regarding claims made in the pleading except
>
> > (1) by leave of court after notice to the non-moving party, or
> >
> > (2) by written agreement of the parties.

*See* Pa.R.C.P. 1915.3-1(a)(1)-(2).

Order vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2015