J-A11016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| UNITED STEELWORKERS OF AMERICA, LOCAL 285 | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : | |
| | : | No. 880 MDA 2023 |
| BRENNTAG NORTH AMERICA, INC. | : | |

Appeal from the Order Entered May 11, 2023
In the Court of Common Pleas of Berks County
Civil Division at No:  22-14775

BEFORE:  BOWES, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                **FILED: DECEMBER 31, 2024**

Appellant, United Steelworkers of America, Local 285, appeals from the May 11, 2023 order striking its complaint with prejudice.  We affirm.

The record reveals that attorney George Chada previously represented Appellant in an action against Appellee, Brenntag North America, Inc., alleging causes of action for, among other things, the medical monitoring[1] of union steelworkers working for Appellee (the "Previous Action").  Appellant commenced the Previous Action in December of 2013.  Chada entered his appearance on behalf of Appellant in September of 2014 and filed several amended complaints.  The Lancaster County Court of Common Pleas struck

_____

[1]  Our Supreme Court recognized the medical monitoring cause of action in ***Simmons v. Pacor, Inc.***, 674 A.2d 232, 239-40 (Pa. 1996).

the fourth amended complaint, criticizing Chada for repeatedly filing amended complaints that did not address Appellee's preliminary objections. Per the trial court's opinion in the instant matter, the Lancaster County Court of Common Pleas issued an order on September 4, 2018, disqualifying Chada as counsel from the Previous Action for his continued dilatory conduct and disregard of court orders, resulting in prolonged and expensive litigation and a denial of due process to both parties. Trial Court Opinion, 5/11/23, at 2-4.

Appellant, again represented by Chada, commenced the current action in Berks County on October 25, 2022. Appellee filed preliminary objections on December 5, 2022, alleging that the statute of limitations[2] for the alleged injuries had passed and that an entity such as a labor union cannot suffer the injuries (exposure to hazardous substances)[3] alleged in the complaint. On January 4, 2023, the trial court sustained the preliminary objections and dismissed Appellant's complaint without prejudice. The trial court directed that an amended complaint must identify workers exposed to hazardous substances and the date or dates of their exposure. After the original deadline for an amended complaint lapsed, the trial court directed Appellant to file an amended complaint by February 15, 2023. Appellant filed the amended

---

[2] We are cognizant that statute of limitations is an affirmative defense to be raised in a new matter rather than in a preliminary objection. Pa.R.Civ.P. 1030(a).

[3] A labor union's lack of capacity to sue is an appropriate ground for a preliminary objection. Pa.R.Civ.P. 1028(a)(5).

complaint on February 14, 2023, but the complaint did not comply with the court's directive to identify workers and the dates of their exposure to hazardous substances. On March 9, 2023, Appellant filed a document titled "Praecipe to Attach Exhibit 1" to its amended complaint. That Exhibit listed names and dates of employment (though not dates of alleged exposure) for various union members.

On March 13, 2023, the trial court *sua sponte*[4] entered a show cause order directing Chada to explain why he had not violated Rule 1023.1 of the Pennsylvania Rules of Civil Procedure. That rule provides that an attorney, by signing and filing a document with the court, certifies, among other things, that the document is not offered for an improper purpose, that the claims therein are not frivolous, are warranted by law, and have factual support. Pa.R.Civ.P. 1023.1(c). The Rule authorizes the trial court to impose sanctions for violations after notice and an opportunity to respond. Pa.R.Civ.P. 1023.1(d). Among the permitted sanctions is the striking of the offending document. Pa.R.Civ.P. 1023.4(a)(2)(i).

The trial court conducted an evidentiary hearing on April 10, 2023, at which Chada presented no evidence. Appellee presented documentation in support of its claim that the applicable statute of limitations had expired and

___

[4] Rule 1023.3 permits the trial court, on its own initiative, to enter an order directing a party to show cause why it has not violated Rule 1023.1. Pa.R.Civ.P. 1023.3.

argued that a labor union does not have standing to commence a medical monitoring action. On May 11, 2023, the trial court issued the order on appeal, dismissing the offending document—the amended complaint—with prejudice. The only question before us in this timely appeal is whether the trial court erred in doing so.

We review the trial court's order under Rule 1023.4 for an abuse of discretion. **U.S. Coal Corp. v. Dinning**, 222 A.3d 431, 442 (Pa. Super. 2019), *appeal denied*, 237 A.3d 888 (Pa. 2020). Summarizing the rules addressed just above, this Court has held that a trial court may *sua sponte* address a violation of Rule 1023.1 so long as the court enters a rule to show cause directed to the attorney in question, and so long as any sanctions are nonmonetary and/or direct the attorney to pay a monetary penalty to the court (not to a party). **Lowe v. Lowe**, 110 A.3d 211, 215 (Pa. Super. 2015).

As we already have explained, the trial court followed the appropriate steps under the rules, as summarized by **Lowe**. It issued a rule to show cause on Chada and then imposed nonmonetary sanctions, in the form of striking the offending document, an amended complaint asserting a cause of action for medical monitoring.[5] The explanatory comment to Rule 1023.1 provides guidance on the considerations for imposing sanctions:

---

[5] The elements of that cause of action are as follows:

*(Footnote Continued Next Page)*

- 4 -

The rule does not attempt to enumerate the factors a court should consider in deciding whether to impose a sanction or what sanctions would be appropriate in the circumstances. The factors that a court may consider include the following:

• whether the improper conduct was willful or negligent;

• whether it was part of a pattern of activity or an isolated event;

[…]

• whether the person has engaged in similar conduct in related litigation;

[…]

The court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons.

Pa.R.C.P. No. 1023.1, Explanatory Comment 2003.

_____

(1) exposure greater than normal background levels;

(2) to a proven hazardous substance;

(3) caused by the defendant's negligence;

(4) as a proximate result of the exposure, plaintiff has a significantly increased risk of contracting a serious latent disease;

(5) a monitoring procedure exists that makes the early detection of the disease possible;

(6) the prescribed monitoring regime is different from that normally recommended in the absence of the exposure; and

(7) the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles.

***Redland Soccer Club, Inc. v. Dep't of the Army & Dep't of Def. of the U.S.***, 696 A.2d 137, 145–46 (Pa. 1997).

Given Chada's disregard of court orders in the Previous Action and in the present one, the trial court had reason to conclude that Chada's conduct was willful rather than negligent, that it was part of a pattern of activity, and that Chada has engaged in similar conduct in the past, in accord with the comment to Rule 1023.1. Indeed, the trial court put Chada on notice that the focus of the evidentiary hearing in this matter would be the statute of limitations,[6] an examination of whether the claims raised herein were fully and finally resolved in the Action,[7] and whether a labor union has the capacity to raise a claim of medical monitoring. Despite this, Chada put on no evidence at the hearing on the matter.

Appellant argues in its brief that the trial court's analysis amounted to an end run around Appellee's preliminary objections, dismissing the amended complaint under Rule 1023.4 without actually addressing any issue on the merits. Appellant's argument ignores both his prior conduct and the language of Rule 1023.1(c)(2), which requires that any claim be warranted by existing

---

[6] While the statute of limitations is not a proper ground for a preliminary objection, we discern nothing improper about examining that issue to determine whether a complaint is frivolous or unwarranted by law within the meaning of Rule 1023.1.

[7] After Chada was disqualified from representing Appellant in the Previous Action, Appellant was given time to obtain new counsel. The Previous Action was *non prossed* in 2018 after Appellant failed to take further action following Chada's disqualification. N.T. Hearing, 4/10/23, at 23. The trial court did not rely on the ultimate outcome of the Previous Action in support of its order, and Appellee does not press that issue on appeal.

law or a good faith argument for extension thereof.  In response to the show cause order, Appellant failed to produce any evidence to support a conclusion that the claims set forth in its complaint have any basis in law.  Likewise, Appellant did not even attempt, pursuant to the show cause order, to demonstrate that its factual allegations have evidentiary support or are likely to have evidentiary support, as per Rule 1023.1(c)(3).

Chada introduced no documents and produced no witnesses at the hearing on the show cause order.  N.T. Hearing, 4/10/23, at 20.  Chada was evasive on the trial court's questions regarding when the statute of limitations began to run in this case.  *Id.* at 12-17.  Appellee introduced 24 exhibits supporting their theory that claims involved in the present litigation were the same claims that were involved in the Previous Action ten years earlier.

Chada was unable to produce a case from any state or federal court permitting a labor union, rather than individual plaintiffs, to prosecute a medical monitoring case.  *Id.* at 37.  Despite the show cause order putting him on notice of that issue, Chada said he did not research it.  *Id.*  This despite having raised the same claim on behalf of Appellant in the Previous Action. *Id.*  Appellee argued, correctly, that the **Redland Soccer** case noted above named dozens of individual plaintiffs in the caption.  The same is true of other medical monitoring cases.  *See, e.g.*, **Walter v. Magee-Women's Hosp.**, 876 A.2d 400 (Pa. Super. 2005), *aff'd* 906 A.2d 1194 (Pa. 2006); **Barnes v. The Am. Tobacco Co., Inc.**, 161 F.3d 127  (3d. Cir. 1998), *cert. denied*, 526

U.S. 1114 (1999). And, indeed, the elements of the medical monitoring cause of action (*see* note 5, *supra*) apply to individuals, not legal entities. Appellee's counsel explained:

> The medical monitoring requires individualized proofs of exposure, causation, the adequacy of the medical monitoring regime. And the reason is that we need to know who has been exposed, when, how long, and – in order to determine whether or not the exposure causes a significantly increased risk of contracting a serious latent disease and whether there was an adequate medical monitoring regime for that particular person, and whether that regime is reasonably necessary for contemporary scientific principles.

*Id.* at 25. Appellant never named any individual plaintiffs as parties nor, in this action or the Previous Action, did it allege facts specific to the elements of the cause of action or the questions Appellee's counsel posed at the hearing. Given the deficiencies of Appellant's complaint and amended complaint, Chada's wholesale failure to address those deficiencies as directed by the trial court, and mindful of Chada's previous misconduct and mishandling of the same claims on behalf of the same plaintiff against the same defendant in the Previous Action, the trial court struck the amended complaint in accord with Rule 1023.4(a)(2)(i). In doing so, the trial court acted well within its permissible discretion.

Moreover, Appellant is wrong to argue that the trial court made an end run around deciding Appellee's preliminary objections on the merits. The trial court's examination of the dubious legal and factual foundation of the amended complaint was appropriate under Rule 1023.1(c). Because the trial

court's actions were procedurally appropriate, and because Appellant has failed to articulate any substantive basis for disturbing the trial court's order, we affirm.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/31/2024